THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. SAMUEL A. TEMPLE.

CARRIER—*Injuries to Stock—Notice of Claim.* A contract between a railroad company and a shipper of stock stipulated that, as a condition precedent to his right to recover damages for any loss or injury to such stock, he should give notice in writing to some officer of the railroad company, or its nearest station agent, before the removal of such stock from the place of delivery. In an action to recover damages for injuries to such stock while *en route,* where the condition of the stock was made known to the station agent of the railroad company at the place of destination, and such agent consented to the removal of the stock from the car, and had an opportunity to examine and inspect the animals after such removal and before they had mingled with other stock or been removed from the place of destination, and a written notice for damages was transmitted to the claim agent of the railroad company within four days after the removal of the stock from the car; and 10 days thereafter, upon the death of one of the animals, a subsequent notice for damages was given to the railroad company: *Held,* That there had been a substantial compliance with the contract, upon the part of the shipper.

*Error from Finney District Court.*

THE facts appear in the opinion. Judgment for the plaintiff, *Temple,* at the August term, 1888. The defendant *Railroad Company* brings the case to this court.

*Geo. R. Peck, A. A. Hurd,* and *J. G. Egan,* for plaintiff in error.

*Brown, Bierer & Cotteral,* for defendant in error.

Opinion by GREEN, C.: This was an action for damages, commenced in the district court of Finney county, by Samuel A. Temple against the Atchison, Topeka & Santa Fé Railroad Company. The plaintiff alleged that on the 21st day of March, 1887, he shipped over the defendant's railroad, from Kansas City to Pierceville, Kas., a bay mare and three mules; that a written contract for the transportation of the stock was made, a copy of which was attached to his petition; that the railroad company broke the contract by negligently and violently striking the car in which the stock was being transported against another car, and thus throwing the animals together upon the floor of the car and injuring them, resulting in the death of the mare and the crippling of the mules; that the condition of the stock was made known to the agent of the railroad company at Pierceville while they were in the car at the station; that the agent inspected the stock, and consented and requested that the mare and mules be removed from the car, and, after such removal and before they had been intermingled with other stock, inspected the injured animals; and. that, before bringing suit and after the death of the mare, written notice was given to the defendant, through its agent, of the plaintiff's claim for damages. The contract of shipping contained the following condition:

"And for the consideration before mentioned, said party of the second part further agrees that, as a condition precedent to his right to recover any damages for loss or injury to said stock, he will give notice in writing of his claim therefor to some officer of said party of the first part, or its nearest station agent, before said stock is removed from place of destination above mentioned, or from the place of delivery of the same to said party of the second part, and before said stock is mingled with other stock."

The defendant filed a general denial, and for a further de-

fense alleged that the plaintiff had not complied with the condition precedent in the contract for transportation, requiring written notice of the claim for damages. The defendant filed a demurrer to the plaintiff's evidence, which was overruled. No evidence was introduced upon the part of the defendant. The jury returned a verdict for the plaintiff for the sum of $345. A motion for a new trial was overruled, and judgment was rendered on the verdict.

The plaintiff in error brings the record here for review, and the principal assignment of error is, that there was not such a substantial compliance with the condition precedent, as to a written notice of a claim for damages under the contract, as to entitle the plaintiff to recover. Complaint is made that the court refused certain instructions asked for by the defendant in error, to the effect that if the plaintiff did not give a written notice of his claim for damages to some officer of the railroad company, or its nearest station agent, before the stock was removed from the place of destination or place of delivery, and before they were mingled with other stock, that then their verdict should be for the defendant. Further, that if they should find from the evidence that the plaintiff did not serve upon the defendant a written demand for damages for injury or loss of the mare in question until April 7, 1887, after the death of the mare and her removal from the place of destination or delivery, or after the animals had mingled with other stock, then their verdict should be for the defendant. We think the instructions requested were properly refused. Upon this branch of the case the court instructed the jury as follows:

"You are instructed that the railroad company has a right to limit their responsibilities to the owners in the carrying of stock or goods by a special contract, so long as the limitation does not affect their liability on account of negligence or misconduct. Plaintiff further alleges that the animals were removed from the car in which the injury was sustained by the advice and with the knowledge and the consent of the employés of the defendant prior to the time that written notice was given of any claim of damage because of said injuries. Should

you find from the testimony that the animals were so removed, and that the mare died from the injuries so received, and that the mules were injured so as to be depreciated in value, and that the death of the mare and the injuries to the mules were caused by the carelessness and negligence of the agents and servants of the defendant company, and that the company had a good, fair and reasonable opportunity to examine and inspect all of such stock, and to know of its condition after it was removed without unreasonable inconvenience, you will then find that the service of the notice of application for damages was made in due time, and that the company is not absolved from liability because of the fact that the written notice introduced in the testimony was not served upon the station agent or other employé of the company named in said contract prior to the removal of the stock from the car at the place of destination. The purpose of such notice is that the company may have a fair and reasonable opportunity of examination and inspection of the condition of the live stock transported under its management before it shall be placed beyond its reach or beyond the possibility of certain identification."

The court stated the law correctly. The plaintiff in error seems to rely upon the cases of *Goggin v. K. P. Rly. Co.*, 12 Kas. 416, and *Sprague v. Mo. Pac. Rly. Co.*, 34 id. 352. In the former case, no written notice was given for more than a year after the cattle were injured; and in the latter case, no notice was given before suit was commenced. In the case before us, written notice was given within a few days after the stock arrived at Pierceville, and before the mules were taken from the place of destination. While the carrier may stipulate by contract that notice of a claim for damages shall be given within a specified time in order to be valid, still the construction upon such stipulations must be reasonable, and adapted to the circumstances of each case. (3 Am. & Eng. Encyc. of Law, 15.) This court said, in the case of *Goggin v. K. P. Rly. Co.*, supra:

"Of course, it is not understood that by the phrase 'before or at the time the stock is unloaded,' that it must be the identical moment, but so immediately that the object sought by the notice can be attained. Nor would such notice be reasonable in the case of an ordinary shipper who did not accompany

and superintend his stock, nor would it probably prevent a recovery for injuries sustained which could not readily be seen, and actually should not be discovered till the time of giving notice had expired." (*Rice v. K. P. Rly. Co.*, 63 Mo. 314; *Oxley v. St. Louis &c. Rld. Co.*, 65 id. 629.)

It is claimed that the court erred in permitting a witness for the plaintiff to testify to a conversation had with some employé of the railroad company at Argentine, where it seems the stock was injured. In this conversation the employé told him how the accident had occurred; that there had been a jam and the stock had been injured. The evidence may not have been competent, but we fail to see how the railroad company was prejudiced. It was established that the car and stock were in good condition at Kansas City. When next seen at Argentine, the mare and mules were injured and the car damaged. There was no controversy about there having been an accident, and the statement of the employé of the railroad company was immaterial error. We need not notice the other errors, as they are of the same nature.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.