A. KRAMER & COMPANY v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

Construction of Contract: LOSS AND DAMAGE: *Railroad.* A stipulation in a shipping contract that no claim "for loss or damage to stock" shall be valid, unless presented to the carrier in writing within thirty days thereafter, does not apply to damage from depreciation in the market price of stock, occasioned by the carrier's neglect to seasonably deliver to the consignee.

*Appeal from Clayton District Court.*—HON. L. O. HATCH, Judge.

FRIDAY, FEBRUARY, 5, 1897.

THE plaintiffs are shippers of live stock, and reside in Iowa. They shipped from Littleport, Iowa, to parties in Chicago, a carload of hogs. They claim

that, by reason of the defendants' negligence in failing seasonably to deliver said hogs to the consignees, they have sustained damages, in the depreciation of the market value of said hogs, in the sum of eighteen dollars and ninety-nine cents. The action was brought before a justice of the peace. It appeared that the hogs were shipped under a written contract, which was made a part of the petition, and which provided "that no claim for loss or damage to stock shall be valid unless presented to the company, in writing, within thirty days after the same shall have occurred." Defendants demurred to the petition, on the ground that it showed on its face that the claim was barred by reason of the failure of plaintiffs to give the written notice required by the contract. The demurrer was overruled by the justice. A writ of error issued, and the record and proceedings of the justice certified to the district court, which affirmed the judgment of the justice of the peace. The cause comes to this court upon a certificate of the trial judge, in which the question we are asked to determine is thus stated: "Where stock is shipped by a railroad company, under a contract containing a stipulation that no claim for loss or damage to stock shall be valid unless presented to the company, in writing, within thirty days after the same shall have occurred, and where the market price or value of such stock is depreciated in consequence of the negligent or wrongful delay of the company in shipping the same, would the failure of the injured party to present his claim, in writing, to the company, for his damages, within thirty days after the injury occurred, constitute a bar to his right of action?"

*Reuben Noble* for appellant.

*J. E. Corlett* for appellees.

KINNE, C. J.—Counsel discuss the question as to whether the provision of the contract quoted is in violation of law, and void. We need not pass upon that, as, if the contract be conceded to be valid, it was not incumbent on the plaintiffs to present the claim they make, in writing, within the time therein provided, it not being such a claim as the contract refers to. Under the contract, the claim which is required to be presented to the company, in writing, within the thirty days, is a claim "for loss or damage to stock." The claim made is for damages arising by reason of depreciation in the market price of hogs,— an entirely different matter. There is no claim that any of the hogs were lost or damaged, but the claim is that, by reason of the neglect of the defendants to seasonably deliver the hogs, they depreciated in price, to the damage of plaintiffs. It seems clear to us that the claim cannot be said to be within the terms of the contract. Loss of hogs, or injury or damage to them, is what the contract, in express words, covers. It does not undertake to cover a case of loss to the shipper from depreciation in the market price of hogs. The question must be answered in the negative.— AFFIRMED.