JOSEPH KALINA *et al.* v. THE UNION PACIFIC RAIL-ROAD COMPANY.

No. 13,603. (76 Pac. 438.)

SYLLABUS BY THE COURT.

1. JURY AND JURORS — *Special Finding Construed.* When the jury answers a special question, "We do not know," such answer is in the negative as to one upon whom the burden falls.

2. RAILROADS — *Exemption from Liability — Burden of Proof.* Where a common carrier seeks to defeat a recovery because of an exemption from liability contained in its contract of carriage, the burden rests upon it of proving that the loss falls within the exemption provided for in such contract.

3. ——— *Proof of Performance of Condition Precedent.* Where the shipping contract contains a lawful provision requiring the shipper to do something as a condition precedent to recovery, the burden of showing the performance of such condition rests upon the shipper, and if he fail to show performance he cannot recover.

4. ——— *Immaterial Whether Condition Precedent be Pleaded.* This rule applies not only to a case where it is made to appear during the progress of the trial that plaintiff is seeking to recover upon a shipping contract containing such condition, but also to one where it has been counted upon in his petition or set out as defensive matter by the carrier.

Error from Ellsworth district court; R. F. THOMPSON, judge. Opinion filed April 9, 1904. Affirmed.

*C. J. Evans*, for plaintiffs in error.

*N. H. Loomis*, *R. W. Blair*, and *H. A. Scandrett*, for defendant in error.

The opinion of the court was delivered by ·

CUNNINGHAM, J. : The plaintiffs in error sought by this action, brought originally before a justice of the peace, to recover their damages occasioned by the railroad company's delay in transporting two cars of cattle from Ellsworth to Kansas City. The items ·of their damage were that they were compelled to sell on a lower market, and that the cattle had unduly decreased in weight by delay in transportation. It did not appear from their bill of particulars that any special shipping contract had been made. The plaintiffs had judgment without opposition in the justice's court, from which an appeal was taken. In the district court the railroad company asked that the plaintiffs be required to make their bill of particulars more definite and certain by setting out whether their contract of shipment was oral or in writing, and, if in. writing, by attaching a copy thereof to their bill of particulars. This was refused by the court. Upon the trial, and as a part of the cross-examination of plaintiff, it was shown that the shipping contract was in writing, and the plaintiff produced the same and introduced it in evidence. This contract contained the following stipulation :

"Unless claims for loss, damage or detention are presented within ten days from the date of the unloading of said stock at destination, and before said stock has been mingled with other stock, such claims shall be deemed to be waived, and the carriers and each thereof shall be discharged from liability."

The jury found a general verdict in favor of the

plaintiffs, and answered, "We do not know," to the following special question: "Did he (plaintiffs) give it notice of his claim before his cattle had been mingled with other stock?" The company's motion for judgment upon the special finding, notwithstanding the general verdict, was allowed by the court, and judgment rendered against the plaintiffs for costs. This is the judgment they now seek to have reversed.

The answer of a special question made as this was is, as against the party on whom rests the burden of proof, in the negative, or that such party has failed in his proof. (*Railroad Co. v. Swarts*, 58 Kan. 235, 48 Pac. 953.) Hence, if the burden rested upon the plaintiffs to show that they had made the claim in time and manner required, then they failed to make their case. The question then is, Upon which party rested the burden of proof—upon the plaintiffs, to show that they had made claim for their damage, or upon the defendant, to show that they had not?

The clause quoted from the shipping contract is such as might have been made between the parties. (*W. & W. Rly. Co. v. Koch*, 47 Kan. 753, 28 Pac. 1013; *Sprague v. Mo. Pac. Rly. Co.*, 34 id. 347, 8 Pac. 465; *Goggin v. K. P. Rly. Co.*, 12 id. 416.) If it were a condition exempting the carrier from its common-law liability as a carrier, the burden would be upon the carrier to show itself within the exemption. (6 Cyc. 518; Hutch. Carr., 2d ed., § 259a.) But the clause in question is not one exempting the carrier from its common-law liability or limiting that liability, but one imposing a condition upon the shipper which he must observe before he may recover for a breach of the carrier's duty; in other words, it is a condition of recovery, and not an exemption from liability. Hence,

when the shipper seeks a recovery he must show compliance with the condition upon which recovery may be had.

That in this case the shippers did not, in their bill of particulars, count upon this contract, or that the carrier did not plead it in defense, can make no difference. As soon as the plaintiffs admitted that they were endeavoring to recover under this contract they were required to show compliance with the conditions upon which such recovery could be had. This the jury, by the quoted special finding, said they had failed to do.

It is contended that, even if the making of the claim as provided was required to be proved by plaintiffs, still its omission ought not to defeat recovery for the reason that the provision of the shipping contract did not contemplate or cover a case like this; that plaintiffs' loss could not be ascertained, and therefore no claim made for it, until after sale of the cattle; and that the carrier was not injured in any way by a failure to make timely claim. It is a sufficient answer to this to say that the contract in terms conditions plaintiffs' right to recover upon the timely making of this claim, and such contract is within the power of the parties to make.

We can discover no error on the part of the court below, and hence must affirm the judgment.

All the Justices concurring.