THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY V. WALTER M. POOLE.

No. 14,564.

SYLLABUS. BY THE COURT.

RAILROADS—*Live-stock Shipping Contract—Stipulation for Notice of a Claim Construed.* A stipulation in a live-stock shipping contract that a written notice of a shipper's claim for damages should be a condition precedent to a recovery for any loss or injury to stock during transportation does not apply to damages such as loss of market or depreciation in the market price of live stock occasioned by the carrier's negligent delay.

Error from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed April 7, 1906. Affirmed. Rehearing allowed May 9, 1906. Reversed on a stipulation October 1, 1906.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for plaintiff in error.

*Lee Monroe,* and *E. P. Hotchkiss,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: Walter M. Poole shipped seven car-loads of cattle from Loveland, Kan., to Kansas City, Mo., over the Atchison, Topeka & Santa Fe railroad. The time reasonably required for transportation between the points named is said to be about thirteen hours, but Poole's cattle were on the road about twenty-four hours, and did not arrive until the market for the day was closed, making it necessary to hold them over till the following day, when there was a decline in the market value of such cattle. Poole claimed that negligent delay of the company caused a shrinkage in the value of the cattle during transportation of $206.98; also that during the time of the detention caused by the delay there was a depreciation in the market value to the extent of $485.83, and that

as a result of the detention he was required to make an extra expenditure of $14.40 for feed.   To recover these damages an action was brought by Poole, and the railroad company answered that the shipment was made under a written contract, the terms of which precluded a recovery of damages.   The contract provision mainly relied on reads:

"As a condition precedent to his right to recover any damages for any loss or injury to his said stock during the transportation thereof, or at any place or places where the same may be loaded or unloaded for any purpose on the company's road, or previous to loading thereof for shipment, the shipper or his agent in charge of the stock will give notice in writing of his claim therefor to some officer of said company, or to the nearest station agent, or, if delivered to consignee at a point beyond the company's road, to the nearest station agent of the last carrier making such delivery, before such stock shall have been removed from the place of destination above mentioned, or from the place of the delivery of the same to the consignee, and before such stock shall have been slaughtered or intermingled with other stock, and will not move such stock from said station or stock-yards until the expiration of three hours after the giving of such notice; and a failure to comply in every respect with the terms of this clause shall be a complete bar to any recovery of any and all such damages."

No such notice of a claim for damages was in fact given prior to the removal of the cattle, and the question arises whether the failure to give the same bars a recovery.   In charging the jury the trial court ruled that the failure to give the notice cut out any recovery for the shrinkage of the cattle during the delayed transportation, but left to the jury to determine what, if any, damages were sustained because of the depreciation in the market price of the cattle by reason of the delay and detention.

It is competent for parties to make contracts limiting a carrier's common-law liability, and stipulations that the shipper shall give notice of injury or loss to

live stock while being carried have been sustained. (*Goggin v. K. P. Rly. Co.*, 12 Kan. 416; *Sprague v. Mo. Pac. Rly. Co.*, 34 Kan. 347; *A. T. & S. F. Rld. Co. v. Temple*, 47 Kan. 7; *W. & W. Rly. Co. v. Koch*, 47 Kan. 753; *Kalina v. Railroad Co.*, 69 Kan. 172, 76 Pac. 438.) Such contracts and the notices required by them must be reasonable. Agreements of this character are viewed with some strictness by the law, and unless the exemption from liability is clearly expressed it should not be allowed.

Assuming that the contract in question is valid, the limitation does not fairly cover the loss of a market. It does extend to damages for loss or injury to cattle during the transportation, and hence the trial court excluded a recovery from shrinkage in their condition during shipment. Reference is made to the Kalina case as holding that damages for the decline in the market price were not recoverable in the absence of a notice, but it will be seen that the contract there involved provided generally for all loss, damage and detention that might be claimed, and ten days were given in which to present the claim. Here the claim specified in the contract of which notice is to be given is confined to loss or injury to stock during transportation, and the notice was required to be given before the removal of the cattle from the place of the delivery or destination, and before they were slaughtered or intermingled with other stock. A loss of market differs distinctly from a loss or injury to the cattle. Depreciation in the price or the loss of a market is not fairly embraced within the terms of the contract requiring notice of loss or injury to the cattle during transportation. (*Kramer & Co. v. C. M. & St. P. Ry. Co.*, 101 Iowa, 178.)

Obviously it was intended that these cattle should reach their destination on a particular market day, and be sold on arrival. The particular time for the transportation was not specified in the contract, but the

character of the shipment and surrounding circumstances, well known to all, required the carrier to transport the cattle with reasonable dispatch. The testimony tends to show an unreasonable delay in shipment, whereby there was a loss of market on the day of arrival, and a consequent loss to the shipper, for which the carrier is liable. The judgment is affirmed.

All the Justices concurring.