D. D. RAY et al., Partners, etc., *Appellees*, v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant.*

No. 18,288.

### SYLLABUS BY THE COURT.

1. APPEALS — *From Justice's Court — Consolidated in District Court—Jurisdiction.* Where one plaintiff brings two actions in a justice court against the same defendant for an amount of money, in each case, within the jurisdiction of that court, and judgment is therein rendered in each case for the plaintiff, and the defendant appeals from both judgments to the district court, in which court the appellant moves to consolidate the cases, which is done; *Held*, no error, although the sum of the two claims is more than $300, and further, if the ruling were erroneous the appellant would not here be heard to urge an error which he had affirmatively invited.

2. NEGLIGENCE—*Delay in Shipping Cattle—Notice of Loss in Weight.* Loss of market or of price resulting from delay in

Ray v. Railway Co.

transportation is not within the provisions of a contract requiring notice of loss before cattle which are shipped should be removed or mingled with other stock, but loss by shrinkage in weight is within such provision.

3. ———. *Carrier Can Not Limit Liability for its Own Negligence.* Section 20 of chapter 3591 of 34 U. S. Statutes at Large prohibits a common carrier from limiting by contract, rule or regulation its liability for damages resulting from its own negligence or the negligence of any other common carrier into whose possession the property may come for transportation by virtue of the bill of lading which the section requires the initial carrier to issue to the shipper. It does not limit the right of the common carrier to make a reasonable contract with the shipper requiring a notice of loss or damage or limiting the time within which an action to recover damages may be brought.

Appeal from Labette district court. Opinion filed July 5, 1913. Reversed.

*John Madden, W. W. Brown,* both of Parsons, and *Francis M. Brady,* of Oswego, for the appellant.

*Archie D. Neale,* of Chetopa, for the appellees.

The opinion of the court was delivered by

SMITH, J.: The appellees brought two actions against the appellant in a justice court of Labette county to recover damages on two shipments of cattle from Wichita Falls, Tex., to St. Louis, Mo. The appellees owned all the cattle and the shipments were made at the same time in the same train and, of course, arrived in St. Louis at the same time, but they were consigned to different commission firms. Judgment for appellees was rendered in both actions. Appellant appealed to the district court where, upon its motion, the actions were consolidated. Thereupon appellant moved to dismiss the consolidated action on the ground that it involved an amount in excess of the jurisdiction of the justice of the peace. This motion was overruled and error is assigned on the ruling. *Ball v. Biggam,* 43 Kan. 327, 23 Pac. 565, is cited in support of this motion.

In that case the amount in controversy in the justice court exceeded the jurisdiction of the court and it was held that, as the justice court had no jurisdiction and as the jurisdiction of the district court was purely appellate, the district court had no jurisdiction.

In this case the amount involved in the two cases, severally, in the justice court was within its jurisdiction and, upon the appeal being perfected, the district court had jurisdiction of each case. At the request of appellant and without objection from appellees the consolidation was had. There was no error therein. Indeed the appellant, in its brief, says, "No cause appeared why the action should not have been consolidated, and the court was compelled to do so." In other words the appellant compelled the court to commit an error and now seeks to avail itself thereof.

There were no pleadings filed except the two bills of particulars filed by the appellees in the justice court. The causes of action therein were based on the implied contract of shipment and the common-law liability. On the trial the appellant exhibited two papers, purporting to be contracts of shipment, to one of the appellees on the witness stand, who then testified that he had signed one of the papers and a son of his coplaintiff and partner had signed the other about the time they started from Wichita Falls, Tex.; that his partner's son was in charge of one of the shipments and received transportation to St. Louis and return by reason of signing the contract. Although the appellees brought the action on the implied contract arising from the transaction, still if at any time during the trial it clearly appeared that written contracts were fairly entered into and executed between the parties, providing the rates and conditions of shipment and for notice of loss or damage, it will be presumed that the shipments were made upon the contracts and the rights and liabilities of the parties must be determined therefrom. (*Watt v. Railway Co.*, 82

Kan. 458, 108 Pac. 811; *Hayes v. Railway Co.,* 84 Kan. 1, 113 Pac. 421.)

It is a general rule that a contract will not be implied where a specific contract has been entered into and acted upon by the parties to a transaction.

However, as said in *Watt v. Railway Co.,* supra, it is the province of the jury to determine under proper instructions whether either one or both of the contracts were entered into fairly with knowledge or opportunity to ascertain the purport thereof, and, if not, whether the appellee or either member of the firm accepted or received benefits under either of the contracts after he had an opportunity to inform himself of the provisions of the contract. If the contracts, or either of them, were fairly entered into or were so used as to amount to a ratification or acceptance thereof, then the specification in the contract requiring notice to be given of loss or damage resulting from shrinkage in the weight of the cattle must be complied with in the manner specified before the appellees are entitled to recover therefor. But such provision does not apply to loss of market or depreciation in market price. (*Railway Co. v. Poole,* 73 Kan. 466, 87 Pac. 465; *Railway Co. v. Wright,* 78 Kan. 94, 95 Pac. 1132; *Hayes v. Railway Co.,* 84 Kan. 1, 113 Pac. 421.)

The rule, where a railway seeks to escape liability by reason of a special contract, was stated in *Kalina v. Railroad Co.,* 69 Kan. 172, 76 Pac. 438, as follows:

"Where a common carrier seeks to defeat a recovery because of an exemption from liability contained in its contract of carriage, the burden rests upon it of proving that the loss falls within the exemption provided for in such contract.

"Where the shipping contract contains a lawful provision requiring the shipper to do something as a condition precedent to recovery, the burden of showing the performance of such condition rests upon the shipper, and if he fail to show performance he can not recover." (Syl. ¶¶ 2, 3.)

As to the burden of proof where the action is brought alleging loss by negligence, and the railroad, in defense sets up a special contract, it is claimed that *Railway Co. v. Dunlap,* 71 Kan. 67, 80 Pac. 34, places the burden of proof upon the carrier. We think that, properly interpreted, there is no conflict between this case and the Kalina case.

It does not appear that either party produced any evidence that notice was or was not given either of the shrinkage of the weight of the cattle or of the loss in market price. It follows from what has been said that appellees' evidence failed to establish a cause of action as to the loss in weight but did not so fail as to the loss of market. The instructions should have informed the jury of this distinction but no such instruction seems to have been requested, and hence the refusal to submit the special questions, of which complaint is made, does not appear to be material error as it otherwise might have been.

Complaint is made of the admission in evidence of a market report to show loss in price from the delay in transportation. Commercial dealings are largely based upon the reports made by publications of the class shown to have been produced. No error was committed in this matter.

Two papers purporting to be contracts relating to the shipments in question were produced and evidence relating to the execution thereof was received. Both papers were offered in evidence by appellant, one purporting to be signed by one of the appellees and the other by a son of the other appellee. The former was admitted and the latter was excluded, of which complaint is made. We think the latter should also have been admitted, and the jury should have been instructed, in substance, that if the contracts, or either of them, were not fairly entered into or had not been recognized as valid by the use made of them by the appellees, both

or such one should be disregarded and held for naught in arriving at their verdict.

Again, it is urged that the court erred in its instructions, especially in the following paragraph:

"The defendant's counsel having admitted in open court that the two rates claimed to have been offered to the plaintiffs at Wichita Falls, Texas, as a consideration for the execution of the special contracts were tariffs of the defendant in this suit, he thereby admits that the defendant was the initial carrier, and therefore the defendant would be liable to the plaintiff under the federal law, regardless of such contracts, or the notices required thereunder, the defendant being liable under the federal provision of the law."

We think the court erred in assuming as a fact that the appellant was the initial carrier. Doubtless the evidence was admissible as tending to establish that fact, but it can not be said to be an express admission thereof. The weight of the evidence was for the jury to determine.

While it rests entirely within the discretion of the trial court, we suggest that this is of a class of cases in which the issues would be more clearly defined should the district court on appeal order the parties to file pleadings.

Section 20 (Part 1, 34 U. S. Stat. at Large, ch. 3591, p. 593.) of the interstate commerce law (Carmack amendment) makes the carrier liable to the holder of the bill of lading, required thereby, for any damages caused by it or any other carrier to which it may deliver the property for which the bill of lading is issued or over whose line or lines such property shall pass, and no contract, receipt, rule or regulation shall exempt the initial common carrier from such liability. This provision is construed to mean that the initial carrier may not by contract, rule or regulation protect itself from damages resulting from its own negligence or from the negligence of any other carrier into whose possession the property may come by virtue of the

issuance of the bill of lading. The provision does not, however, deprive the carrier from making a reasonable contract with the shipper providing for notice of loss or damage or a reasonable limitation upon the time of bringing an action for the recovery thereof.

The instruction of the court upon the interstate commerce act was not affirmatively erroneous, but omitted to qualify the limitation of the right to contract as applicable to its own negligence or the negligence of other carriers receiving the property from the initial carrier.

The judgment is reversed and the case is remanded for a new trial.