No. 18,785.

W. E. GAULT, *Appellee,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE THE COURT.

NEGLIGENCE—*Delay in Shipping Cattle—Shrinkage in Stockyards—No Notice of Such Shrinkage Necessary.* Where cattle, shipped on a railroad to market, are unreasonably delayed in transportation and arrive about four hours after they should have arrived if transported at the rate of fifteen miles per hour, and, by reason of the delay and the closing of the market, the cattle are held until the following day and a shrinkage of about twenty pounds per head results therefrom, damages should be allowed therefor, and it is immaterial whether or not the notice required by the shipping contract is given at the time of the arrival of the cattle.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed April 11, 1914. Affirmed.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellant.

*Wilbur S. Jenks,* of Ottawa, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellee shipped 181 head of cattle under the usual written contract, prepared by the railroad company, from its station at Richmond, Kan., to the stockyards on the line between Kansas City, Kan., and Kansas City, Mo.

In the petition it was alleged that it was the duty of the appellant to ship such cattle at a reasonable rate of speed and at not less than fifteen miles per hour, and that it failed so to do; that if the shipment had been made at that rate of speed the cattle would have arrived at the stockyards about seven o'clock on the morning of the shipment, having been loaded at Richmond at about two o'clock on the same morning; that by reason of the delay in shipment the market was lost for that day, and the cattle could not be sold until the following day; that by reason thereof there was a loss of twenty-five cents per hundredweight in the market price and a loss in shrinkage in the weight of the cattle of twenty pounds per head after their arrival at the stockyards.

On the trial there was evidence that fully sustained all these claims. The jury returned a verdict in favor of the appellee for $510.14 damages and $150 attorney's fees. By the special findings the damages are apportioned as follows:

"1. If you find for the plaintiff, how much, if anything, do you allow for decline in price of cattle? $358.10.

"2. If you find for the plaintiff, how much do you allow for shrinkage in weight of cattle?   $152.04.

"3. If you find for the plaintiff, how much, if anything, do you allow for attorney fees?   One hundred fifty dollars.

"1. If you find for the plaintiff, how much, if anything, do you allow for shrinkage in weight of stock from the time the shipment left Richmond until it was delivered at the stockyards at Kansas City?   Ans. Nothing."

The court rendered judgment in accordance with the verdict and overruled the appellant's motion for a new trial. The only item contested on the appeal is the finding of $152.04 for shrinkage in the weight of the cattle after they arrived at the yards. The appellant cites *Railway Co. v. Wright,* 78 Kan. 94, 95 Pac. 1132;

*Hayes v. Railway Co.*, 84 Kan. 1, 113 Pac. 421, and *Ray v. Railway Co.*, 90 Kan. 244, 133 Pac. 847, in support of its contention that no loss for shrinkage should have been allowed. In those cases it was held, in substance, that no shrinkage caused by delay in transportation could be allowed unless notice was given to the railroad company and an opportunity to inspect the cattle after they arrived at their destination. This is for the purpose of enabling the railroad company to get evidence as to the extent of the loss, if any, by an inspection of the cattle after they arrive at their destination and before separation. Nothing is claimed or allowed in this case for the shrinkage while in transit, and a notice to the railroad company at the time of the arrival of the cattle at their destination in no way could have aided in determining or proving the amount of shrinkage, if any, which occurred in the day following and before the cattle were sold. In the cases referred to the allowance of damages for loss of market is sustained for the reason that the notice would have been useless in determining the amount of such loss, and the same principle applies in this case.

The judgment is affirmed.