No. 20,554.

F. M. ABELL, *Appellee and Appellant,* v. THE ATCHISON, TO-
PEKA & SANTA FE RAILWAY COMPANY, *Appellant and Ap-
pellee.*

### SYLLABUS BY THE COURT.

LIVE STOCK—*Interstate Shipping Contract—Written Notice of Claim for
Damages May Not be Waived.* Where parties stipulate in a contract
for an interstate shipment of live stock that before there can be a
recovery against the carrier for loss or injury to the stock occurring
during transportation or previous to the loading thereof the shipper
or his agent in charge of the cattle must give written notice of his
claim to an officer of the company or the station agent before the
stock are removed from the place of destination or before they are
slaughtered or intermingled with other stock, the carrier may not,
under the federal law, waive the requirement of written notice of
such claim by the shipper nor dispense with notice of a claim from
one shipper and require it from another, and without such written
notice there can be no recovery although the carrier may have had
actual and complete notice of the claim of the shipper.

Appeal from Clark district court; LITTLETON M. DAY, judge.
Opinion filed April 7, 1917. Affirmed in part and reversed
in part.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Harlow
Hurley,* all of Topeka, and *Francis C. Price,* of Ashland, for
the appellant and appellee.

*Robert C. Mayse,* of Ashland, for the appellee and appellant.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by F. M. Abell against
the Atchison, Topeka & Santa Fe Railway Company to re-
cover damages for injuries to his cattle shipped by the de-
fendant from Magdalena, N. M., to Ashland, Kan.

Two causes of action were alleged: one for injuries caused
when the cattle stampeded and broke out of the defendant's
defective stock pen at Magdalena before they were loaded
upon the defendant's cars; the other cause of action, for in-
juries caused by delay in transportation. The principal de-
fense of the railway company was that the plaintiff had failed

to comply with a provision of the written shipping contract (which the evidence shows the plaintiff signed after the cattle were loaded on the cars) to the effect that no recovery could be had for any loss or injury to stock sustained during shipment or previous to loading for shipment, unless the shipper should give written notice of his claim to the proper officer or agent of the company before the stock was removed from the place of delivery or was mingled with other stock. Such a written notice was not given, but the evidence showed that not only agents of the defendant at some of the points where delays occurred were notified of the injuries being done to the cattle but that the agent at Ashland, the only representative of the defendant at that point, was present while the cattle were being unloaded, had his attention directed to the condition of the cattle and was notified orally that claim for damages would be made. At the trial a demurrer interposed to plaintiff's evidence was overruled as to the first cause of action, but sustained as to the second cause of action on the ground that there was no proof of the written notice required by the shipping contract. On the issues submitted to the jury special findings were returned to the effect that the cattle in the stock pen were frightened by an engine or train passing near the pen, causing them to stampede, and that their injuries were received before the plaintiff signed the shipping contract; that the defendant was negligent in failing to keep the pen in proper repair, and that the cattle would not have escaped if the pens had been in a reasonably safe and suitable condition. Upon this cause of action plaintiff secured judgment for $750 and defendant appeals. An appeal was taken by plaintiff from the order sustaining the demurrer to the evidence on the second cause of action.

First, as to plaintiff's appeal. He complains of the ruling excluding evidence of waiver and the holding that the contract requirement of written notice as to loss and injury of his stock by reason of delay during transportation could not be waived. There is some testimony that the trip took seventy hours when a reasonable running time from Magdalena to Ashland was forty hours. The only agent of the company at Ashland, the destination of the cattle, examined and counted them while they were being unloaded, and his attention was

called to their condition and to the fact that damages were claimed by plaintiff for the injuries sustained by the cattle during transportation. The plaintiff concedes that the written notice required by the contract was not given, but he contends that the defendant had actual notice of the injuries and of plaintiff's claim, and having acted upon the notice and made an examination it has had the benefit and protection that the written notice was designed to furnish, and that the company can not make the absence of such notice a defense. It was an interstate shipment, and is governed by federal laws and regulations. While a carrier may not by contract protect itself from damages resulting from its own negligence, it may stipulate with the shipper that reasonable notice of loss or damage shall be given within a fixed time so that there may be an inspection of the cattle before they are moved from the place of delivery, slaughtered or mingled with other cattle. Provisions requiring notice of losses and injuries occurring during transportation and like restrictions have been held to be reasonable and enforceable. (*Kalina v. Railroad Co.,* 69 Kan. 172, 76 Pac. 438; *Railway Co. v. Poole,* 73 Kan. 466, 87 Pac. 465; *Railway Co. v. Wright,* 78 Kan. 94, 95 Pac. 1132; *Giles v. Railway Co.,* 92 Kan. 322, 140 Pac. 875; *Mo., Kans. & Tex. Ry. v. Harriman,* 227 U. S. 657.)

Written notice of the claim of injuries and damages is expressly required by the contract. Doubtless the purpose was that the nature of the injury and the extent of the claim may be made definite so that the carrier may examine the cattle as to the claimed injury while the evidence of loss and injury is available. It is the view of the court that the specific requirement that the notice shall be in writing is one which can not be waived. The provisions regulating interstate commerce as between carrier and shipper are intended to be of uniform application. If the carrier should exact a written notice from one shipper and waive it as to another it might lead to unjust discriminations and the abuses which the commerce acts were designed to prevent. In contracts providing that damages of the kind in question shall not be recoverable unless the claim is made within fixed times it has been held that the limitation can not be extended or waived by the carrier.

In *Phillips v. Grand Trunk Rly.*, 236 U. S. 662, it was said:

"To have one period of limitation where the complaint is filed before the Commission and the varying periods of limitation of the different states, where a suit was brought,in a court of competent jurisdiction; or to permit a railroad company to plead the statute of limitations as against some and to waive it as against others would be to prefer some and discriminate against others in violation of the terms of the commerce act which forbids all devices by which such results may be accomplished." (p. 667.) (See, also, *Georgia, Fla. & Ala. Ry. v. Blish Co.*, 241 U. S. 190; *Banaka v. Mo. Pac. Ry. Co.*, 193 Mo. App. 345; *Wall v. Northern Pac. Ry. Co.* [Mont. 1916], 161 Pac. 518.)

While under state regulations formal written notice is not held to be essential where the carrier has actual notice and has all the benefits which the written notice would give, it is the view of the court that to enforce the stipulation requiring written notice of the claims made by some interstate shippers and to dispense with it as to others would be a violation of the equality of treatment provided for interstate shippers under the federal laws, and that the trial court ruled correctly in holding that the plaintiff was not entitled to recover on the first count.

The defendant contends that the same rule should have been applied to plaintiff's second cause of action. As we have seen, that was an injury and loss which occurred after the cattle had been received and placed in the stockyards of the defendant but before the shipping contract had been signed by the plaintiff. The cattle were frightened while in the pens by an engine passing over the tracks adjacent to the pen, and the jury found that they escaped and were injured through the negligence of the defendant in failing to keep the pens in repair and in a safe and suitable condition. The court held that written notice was not essential to recovery for this injury and loss because it occurred before the execution of the shipping contract. The cattle were delivered to the defendant for immediate shipment, and it was holding them as a common carrier at the time they broke out of the pens which it had provided for their safe-keeping. The responsibility of a carrier for live stock delivered to it for shipment differs from that which it assumes when it undertakes the carriage of goods. It is an insurer of goods received for immediate ship-

16—100 Kan.

ment, while as to animals which may suffer injury by reason of their propensities and habits or of their own lack of vitality it is not deemed to be liable if it provides suitable facilities for the care and handling of the cattle and exercises reasonable vigilance and care for their safety while they are in its possession. The nature of the animals transported has a controlling effect in determining the kind of care required. (1 Hutchinson on Carriers, 3d ed., § 335.) It has been held that if the stockyards provided by a railway company for receiving and holding cattle for shipment are defective and unsuitable for the purpose, and if cattle received for shipment are injured by reason of the defective and unsafe yards, the company will be held liable for the damages sustained. (*Railroad Co. v. Beets,* 75 Kan. 295, 89 Pac. 683.) If the owner of cattle is permitted to use the pens for a time and the cattle placed therein are not received for immediate shipment, the relation of carrier and shipper would not arise. (Note, 10 L. R. A., n. s., 571.) But where cattle are received for immediate shipment and placed in pens which the carrier has provided for that purpose, the obligation of a carrier attaches, although the shipping contract was not signed until after the cattle were injured. (*Meloche v. Chicago, etc., R. Co.,* 116 Mich. 69; *Lackland v. C. & A. Rly. Co.,* 101 Mo. App. 420; *G. C. & S. F. Rly. Co. v. Trawick,* 80 Tex. 270; *Galveston, H. & S. A. Rly. Co. v. Jackson et al.* [Tex. Civ. App. 1896], 37 S. W. 255; 5 Thompson on Negligence, § 6579.)

It is contended, however, that the provisions of the shipping contract required a written notice of a loss occurring before the cattle were loaded or transportation had actually begun, and that in the absence of such notice no recovery could be had. The part of the contract applicable reads:

"In order that any loss or damage to be claimed by the shipper may be fully and fairly investigated and the fact and nature of such claim or loss preserved beyond dispute and by the best evidence, it is agreed that as a *condition precedent* to his right to recover any damages for any loss or injury to his said stock during the transportation thereof, or at any place or places where the same may be loaded or unloaded for any purpose on the company's road, or previous to loading thereof for shipment, the shipper or his agent in charge of the stock will give *notice in writing* of his claim therefor to some officer of said company, or to the nearest station agent, or if delivered to consignee at a point beyond the company's road, to the nearest station agent of the last carrier making

such delivery, before such stock shall have been removed from the place of destination above mentioned, or from the place of delivery of the same to the consignee, and before such stock shall have been slaughtered or intermingled with other stock, and will not move such stock from said station or stock yards until the expiration of three hours after the giving of such notice; and a failure to comply in every respect with the terms of this clause shall be a complete bar to any recovery of any and all such damages. The written notice herein provided for can not and shall not be waived by any person except a general officer of the company, and he only in writing. Nor shall any such damage be recoverable unless written claim therefor shall be presented to the company within ninety-one days after the same may have occurred."

Under this provision a written notice of a claim for loss and injury which results from the negligence of the company before the cattle are loaded for shipment is just as essential to recovery as it is in case of a claim for loss or injury sustained during transportation. Counsel refer to *Railroad Co. v. Beets,* supra, wherein it was said that a provision with reference to notice in a shipping contract did not apply to damages sustained before transportation begins or after it has ended, and only covered such injuries as occur while the stock is in transit. The contract which was under consideration in that case was not so broad in its terms as the one in question and contained no provision as to claims for losses or injuries sustained previous to the loading of stock for shipment. No reason is seen why notice of a claim for such loss may not be the subject of a contract between the parties the same as it is for a claim for injuries occurring between the place of shipment and the place of destination. The same rule must therefore be applied to a claim for loss or injury sustained by the plaintiff before shipment was made. The required notice not having been given, and being one which the carrier can not waive or the defendant omit to require, the demurrer to plaintiff's evidence upon this cause of action should not have been sustained.

The ruling of the district court sustaining the demurrer to plaintiff's evidence on one count in favor of the defendant is affirmed and the judgment in favor of the plaintiff on the other cause of action is reversed and the cause remanded with directions to enter judgment in favor of the defendant.

JOHNSTON, C. J. (dissenting): The provisions relating to the kind of notice that shall be given of a claim of damages does

not in my opinion enter into the rate that shall be charged, nor does a holding that there is no necessity of giving notice of a loss where a party already has full notice and knowledge of the same open the way to discrimination or violation of the terms of the commerce acts. The purpose of the notice is to afford the carrier an opportunity to inquire into the validity and justice of a claim of loss and not to defeat a recovery for a loss actually sustained and of which the carrier has all the knowledge which a written notice would give. How can a written notice be essential where the defendant admits knowledge of the loss for which a claim is made? If the cattle died during transportation and the defendant assisted in loading and unloading them, and in that way had learned of their condition and that a claim was made for injuries sustained, what purpose can be subserved by a formal notice of these facts? Stipulations providing that no recovery can be had for the negligence of the carrier unless notice is given are sustained on the theory that it is only reasonable that the carrier should have an opportunity to inspect the injured animals before they are removed from its custody or mingled with other animals. Unless given such an opportunity the carrier would have difficulty in ascertaining the nature and extent of the injuries, but if the carrier has had this opportunity and has learned the condition of the injured animals the purpose of the notice has been fully accomplished. Under such circumstances the formality of a written notice is not regarded to be a reasonable requirement or to be necessary to a recovery of damages in intrastate shipments. (*Railway Co. v. Poole,* 73 Kan. 466, 87 Pac. 465; *Railway Co. v. Fry,* 74 Kan. 546, 87 Pac. 754; *Cornelius v. Railway Co.,* 74 Kan. 599, 87 Pac. 751; *Railway Co. v. Frogley,* 75 Kan. 440, 89 Pac. 903; *Ray v. Railway Co.,* 90 Kan. 244, 133 Pac. 847.)

I am unable to see why the rule applicable to intrastate shipments should not apply to those made under the federal law, nor how such an interpretation of the contract and law can operate as a discrimination or defeat the purpose of the federal law.

WEST, J., joins in this dissent.

MARSHALL, J. (dissenting).