No. 23,735.

T. B. Salmans, *Appellee*, v. The Atchison, Topeka & Santa Fe Railway Company et al. (James C. Davis, as Director-general of Railroads and Agent, *Appellant*).

### SYLLABUS ·BY THE COURT.

Interstate Shipment of Cattle—*Special Contract—Limitation· of Action Valid.* In an action to recover damages for delay in an interstate shipment of cattle the pleadings developed the fact that the shipment was made on a written contract containing a clause that such action must be begun within two years. It is held that regardless of the forms of pleading involved, such clause was a condition precedent with which the plaintiff failed to comply, and hence he: cannot recover.

Appeal from Pawnee district court; Roscoe H. Wilson, judge. Opinion filed May 6, 1922. Reversed.   · · ·

*William R. Smith, Owen J. Wood, Alfred A. Scott,* all of Topeka, and *William Osmond,* of Great Bend, for the appellant.

*W. H. Vernon, W. H. Vernon, jr.,* and *J. S. Vernon,* all of Larned, for the appellee.

The opinion of the court was delivered ·by

West, J.: On March 4, 1920, the plaintiff sued the railway company, alleging that on March 5, 1918, he shipped over the railroad of the defendant two carloads of fat cattle from Belpre to Kansas City, Mo.; that twenty hours would have been a reasonable time, but that the defendant took thirty-nine in which to deliver them, thereby causing great shrinkage and loss of a day's market and damage to the plaintiff in the sum of $683.39. April 1, 1920, the railway company filed a demurrer and July 20, 1920, the plaintiff filed an amended petition making the director-general a party and causing summons to be issued, and he was regularly served. To this amended petition the railway demurred and the demurrer was sustained. The director-general answered first by a general denial except as to matters specially admitted, and alleged, among other things, that the stock was shipped under a written contract con-

taining a clause that the carrier should not be liable for any loss not caused by the negligence of the carrier. A copy of this contract was set out, and it contained a paragraph which provided that suit for damages should be instituted only within two years after the delivery of the property. To this a reply was filed consisting of a general denial and special denial of certain allegations.

December 10, 1920, the cause came on for trial. The director-general objected to the introduction of any evidence against him, which objection was overruled, and the trial resulted in a verdict for $668.50. The director-general filed a motion for a new trial and also a motion for judgment notwithstanding the verdict because he was not made a party for more than two years and four months after the cause of action arose and because the petition did not state a cause of action against him; these motions were overruled, and he appeals.

In his brief the appellant states: "The only question which the appellant presents to the court is whether the limitation prescribed in the contract should have been enforced by the court." It is insisted that the defense arose out of the contract of shipment and not out of the statute of limitations; that the contract was one approved by the interstate commerce commission and is competent; that no cause of action was stated against the railroad company, and that when the defendant was called into court the contractual limitation had run.

The plaintiff presses the point that the suit was brought on the common-law liability and not on the written contract, and that the statute of limitation was nowhere pleaded and was not an issue at the trial and not thought of until the defendant objected to testimony under the amended petition, and counsel urge the rule that the statute of limitation cannot be invoked except as an affirmative defense, and argue that the action being brought on an implied contract, the three-year and not the two-year statute applies.

In the reply brief the defendant practically concedes that the statute is to be deemed waived unless pleaded, but urges that this is not a statutory limitation but a contractual one, and therefore need not be specially pleaded.

In *Kalina v. Railroad Co.*, 69 Kan. 172, 76 Pac. 438, it was held that when a shipping contract contains a condition precedent to recovery, the shipper cannot recover without showing a compliance with such condition, and that this rule applies not only in a case in

which it is made to appear during the trial that recovery is sought upon a shipping contract containing such condition, but also to a case in which such condition is set out as defensive matter by the carrier. There the suit was not ostensibly based upon the contract of shipment, but upon cross-examination of the plaintiff it was shown that the contract was in writing and contained a clause similar to the one now before us. The court said the clause was not one exempting the carrier from common-law liability but one imposing a duty upon the shipper, and hence, he must show compliance therewith. "That in this case the shippers did not, in their bill of particulars, count upon this contract, or that the carrier did not plead it in defense, can make no difference." (p. 175.)

The contract involved in *Enright v. Railway Co.*, 96 Kan. 546, 152 Pac. 629, contained a clause that no action should be maintained unless begun within six months after the injury. The shipment was, as here, interstate, and the clause was upheld. A similar provision was upheld in *Miller v. Railway Co.*, 97 Kan. 782, 156 Pac. 780.

In *Easdale v. Railway Co.*, 100 Kan. 305, 164 Pac. 164, a provision in an interstate contract limiting the shipper to six months time in which to begin an action was held to be one which the shipper could not waive, the theory being that otherwise arrangements amounting to a preference might be upheld.

The actual facts were before the court regardless of the form of pleading and those facts show that the shipment was under a written contract containing a two-year clause which was not complied with by the shipper, hence in view of the decisions, both state and federal, the plaintiff cannot recover.

The judgment is therefore reversed and the cause remanded with directions to enter judgment for the defendant.