No. 27,187.

MIKE REEDY, *Appellee*, v. THE MISSOURI PACIFIC RAILROAD COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. CARRIERS—*Negligent Injury to Live Stock*. Recovery of damages for negligent injury to live stock on an interstate shipment must be under the written contract.

2. SAME — *Loss from Shrinkage — Stipulation for Notice — Burden of Proving Notice is Upon Shipper*. An interstate live-stock shipping contract provided, as a condition precedent to recovery of damages, that before the live stock is removed from the possession of the carrier, or mingled with other live stock, the shipper, owner, or consignee, or agent thereof, shall inform in writing the delivering carrier of any visible or manifest injury to the live stock. *Held,* the provision covers loss or damage to the live stock during transportation and includes shrinkage in weight of the live stock during delayed transportation; and further *held,* the burden is on the shipper to prove notice as provided in the contract, and if he fails to do so he cannot recover for loss or damage to the live stock during transportation.

Appeal from Woodson district court; ROBERT E. CULLISON, judge. Opinion filed June 11, 1927. Reversed.

*W. P. Waggener, B. P. Waggener,* both of Atchison, and *G. H. Lamb,* of Yates Center, for the appellant.

*S. C. Holmes,* of Yates Center, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages resulting from delay in shipment of live stock. The jury answered special questions and returned a general verdict for plaintiff. Defendant has appealed.

The shipment consisted of one car of live stock—11 cattle and 65 hogs—from Piqua, Woodson county, to the stockyards at Kansas City, Mo. The shipping contract was signed after the car was loaded. The car was loaded about noon October 6, and should have reached destination at 7:30 o'clock the next morning. It reached destination at 9:30—about two hours late. When the car was unloaded three of the hogs were dead. The damages claimed were (*a*) for the dead hogs, $63.36; (*b*) for the bad appearance of the animals and their not being permitted to fill (perhaps this included addi-

Carriers, 10 C. J. pp. 285 n. 4, 302 n. 19, 327 n. 82, 334 n. 82, 340 n. 71, 373 n. 84; 4 R. C. L. pp. 993, 998.

tional shrinkage), $75; and (c) decline in market, $75; making the total loss claimed $213.36. The general verdict for plaintiff was for $106.38. Answering special questions, the jury stated that nothing was allowed for decline of market, and for the bad appearance of the animals and their not being permitted to fill the allowance was for "loss of weight only." This means, we take it, that an allowance was made for the additional loss of weight resulting from the delayed delivery of the live stock at destination. Hence, the entire sum allowed plaintiff by the general verdict must have been for the dead hogs and for loss of weight—or additional shrinkage in weight occasioned by the delay in delivering the live stock at destination.

The shipping contract provides, among other things, as a condition precedent to the shipper's right to recover:

"Before the live stock is removed from the possession of the carrier or mingled with other live stock, the shipper, owner, consignee or agent thereof shall inform in writing the delivering carrier of any visible or manifest injury to the live stock."

Appellant makes the point that there was no notice given in compliance with this provision of the shipping contract. This point is well taken and is determinative of this appeal. The provision for notice is a condition for recovery. The burden of showing that notice was given was on the shipper, and if he failed he cannot recover. (*Kalina v. Railroad Co.*, 69 Kan. 172, 76 Pac. 438.) The railway company cannot waive the requirement of written notice of the claim, and without such written notice there can be no recovery, although the carrier may have had actual and complete notice of the claim of the shipper. (*Abell v. Railway Co.*, 100 Kan. 238, 164 Pac. 269.) When a shipping contract contains the conditions precedent to recovery, the shipper cannot recover without showing a compliance with such conditions. (*Salmans v. Railway Co.*, 111 Kan. 297, 206 Pac. 1111. See, also, *Georgia, Fla. & Ala. Ry. Co. v. Blish Co.*, 241 U. S. 190; *Grocery Co. v. Payne, Dir. Gen.*, 94 W. Va. 273; *Stand Comb. Thread Co. v. Pa. R. R. Co.*, 88 N. J. L. 257.)

Appellee argues that the action was not brought upon a contract, for the reason that this car was orally ordered, and under such oral order was set in by the company, the stock loaded and accepted by said railroad company and immediately moved out of the yards, after which some paper was signed by the shipper. He had no option in the matter, and had to sign whatever was offered to him. It was

not read by him, and he couldn't have told anything about it if he had read it. The matter of contract was a question of fact for the jury, and they found all the issues in favor of plaintiff, citing *Mo. Pac. Rly. Co. v. Beeson*, 30 Kan. 298, 2 Pac. 496; *St. L. & S. F. Rly. Co. v. Clark*, 48 Kan. 321, 29 Pac. 312, and allied cases. This argument lacks merit. The cases cited, correct at that time, are no longer controlling. Later federal legislation and rulings of the Interstate Commerce Commission have superseded the rules of law there announced, as applied to interstate shipments. We no longer have the common law action for damages in such shipments. The recovery must be under the written contract. (*Kirby v. Missouri-K.-T. Rld. Co.*, 121 Kan. 275, 246 Pac. 1005.) This is true even though the written shipping contract was not pleaded. (*Abell v. Missouri Pac. Rld. Co.*, 120 Kan. 362, 243 Pac. 1031.)

Appellee argues that, even though the shipment was under the written contract, no notice was necessary. This depends upon the character of damages sought to be recovered. If damages are sought for decline in market, notice to the delivering carrier, before live stock is removed from the possession of the carrier and delivered with other stock, is not necessary. (*Railway Co. v. Poole*, 73 Kan. 466, 87 Pac. 465; *Hayes v. Railway Co.*, 84 Kan. 1, 113 Pac. 421.) But nothing was allowed for decline of market in this case; hence, this feature of the case need not be further considered.

The provision, however, covers loss or damage to the live stock during transportation, and manifestly covers any shrinkage of the live stock during transportation. (*Cornelius v. Railway Co.*, 74 Kan. 599, 604, 87 Pac. 751; *Railway Co. v. Wright*, 78 Kan. 94, 95 Pac. 1132.) It also covers animals that died or were crippled in transportation. (*Abell v. Railway Co.*, 100 Kan. 238, 164 Pac. 269; *Kirby v. Missouri-K.-T. Rld. Co.*, 121 Kan. 275, 246 Pac. 1005.) The only damages allowed in this case were of the character for which the notice provided in the shipping contract was required.

In January following the shipment the attorney for plaintiff had correspondence with the defendant's representative which, if regarded as a presentation of the claim, could not, of course, comply with the section of the shipping contract above quoted. The correspondence disclosed that defendant had given a number to plaintiff's claim and had previously had some correspondence with another attorney with reference to it, but when the claim was first filed, and by whom, is not disclosed, and certainly there is nothing in the

record to show that the delivering carrier was informed in writing of any visible or manifest injury to the live stock before they were removed from the possession of the carrier or mingled with other live stock.

It necessarily follows that the judgment of the court below must be reversed with directions that judgment be entered for defendant. It is so ordered.