THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY V. L. R. WRIGHT.

No. 15,520.   ( 95 Pac. 1132.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury to Stock in Transit—Shrinkage in Weight—Notice to Carrier.* Shrinkage in the weight of cattle, due to confinement in the cars for an unnecessary length of time while on the way to market and for which the shipper seeks damages because of the negligent delay of the railway company, is within the stipulation of a shipping contract making a written notice of the loss to the railway company before the intermingling of the cattle with other stock a condition precedent to a recovery for loss or injury to cattle during transportation.

2. —— *Written Notice Excused by Knowledge of Carrier's*

*Representatives.* Where a car-load of cattle which were being transported to market was in a railroad wreck and suffered injury, and the representatives of the railway company in charge of the live-stock business at the place of delivery were present and inspected the injured cattle when they arrived and then directed what disposition should be made of them, the purpose of the stipulated notice was fully accomplished and no further notice was essential to a recovery.

Error from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed May 9, 1908. Modified.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for plaintiff in error.

*W. W. Brown,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: L. R. Wright recovered a judgment against the Atchison, Topeka & Santa Fe Railway Company of $206.35 for losses arising from the negligent shipping of cattle over the defendant's railroad. It was based on two causes of action, one for damage resulting from a negligent shipment in April, 1904, from Emporia to Kansas City, and another in February of the same year, between the same places.

As to the April shipment, it appears that a car-load of plaintiff's cattle was in a wreck, which resulted in breaking the leg of one animal and in bruising the other cattle, as well as in the loss of market by reason of delay in transportation. The shipping contract contained a provision that before a recovery could be had for loss or injury to the cattle during transportation the shipper should give a written notice to an officer of the company, or the nearest agent, before the removal of the stock from the place of destination or before they were intermingled with other stock. Formal notice was not given of the loss occasioned by the negligence of the company in the April shipment before the sale of the cattle, and it is contended that no recovery can be had. A formal written notice of the loss sus-

tained was not required.  The representatives of the
company were at the stock-yards when the injured
cattle were received.  They observed their condition and
advised the consignees, who were looking for the ar-
rival of the cattle, that they had been in a wreck.
When the cattle did arrive these representatives of the
company inspected them and advised that they be sold
at once, which was done.  Under recent decisions no
notice was required as to some elements of the losses
sustained, and in any event the purpose of the written
notice was fully accomplished when the condition of
the cattle was fully brought to the attention of the
representatives of the company.  After these repre-
sentatives of the company, who were in charge of that
branch of the business at Kansas City, had inspected
the cattle, observed their condition, and then directed
what disposition should be made of them, it is too late
to insist that any other notice of loss would have af-
forded the company either information or protection.
The railway company, having had a fair opportunity
to examine the cattle and to ascertain the extent of the
injury resulting from its negligence, has had the full
benefit of the provision of the contract as to notice.
(*Cornelius v. Railway Co.*, 74 Kan. 599, 87 Pac. 751;
*Railway Co. v. Fry*, 74 Kan. 546, 87 Pac. 754; *Railway
Co. v. Frogley*, 75 Kan. 440, 89 Pac. 903; *Darling v.
Railway Co.*, 76 Kan. 893, 93 Pac. 612.)

As to the February shipment, written notice was not
given as to the losses sustained, but as to the one item
of $51.93 for loss of market no notice was essential.
Loss in weight because of extra confinement was the
other item of loss, and was fixed by the jury at $42.27.
From the averment in the petition, as well as from the
evidence, it seems that this loss was due, at least in
part, to delay in transportation.  Shrinkage in weight
because of the unnecessary length of time the cattle
were on the road to market would be an injury during
transportation, and hence would come within the pro-

vision of the contract requiring notice. Shrinkage, or loss in weight, arising from delay after transportation has ended is not within the contract (*Railway Co. v. Frogley, supra*), but it can not be said that the loss in weight occasioned by the extra confinement in the cars was not, to some extent, the result of the great length of time that the cattle were confined in the cars on the way to market.

The objections to rulings on the admission of testimony are not deemed to be material, nor is it necessary to consider further the objections to the instructions.

The recovery on the first cause of action of $113.15 is affirmed, but the judgment so far as it is based on the second cause of action will be reversed, unless the defendant in error shall remit $42.27, the item of loss found by the jury to have been caused by the extra confinement of the cattle; and, if that is done, judgment for the remaining item of $51.93 damages found to have resulted from the loss of market will be affirmed.