THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY
v. J. H. FRY.

No. 15,603.   (98 Pac. 205.)

RAILROADS—*Delay in Transporting Stock—Measure of Damages.*
In an action for delay in transporting live stock, resulting in
a loss of market, an instruction given properly stated the
measure of damages.

Error from Woodson district court; OSCAR FOUST,
judge.   Opinion filed November 7, 1908.   Affirmed.

*John Madden,* and *W. W. Brown,* for plaintiff in
error.

*G. R. Stephenson,* for defendant in error.

*Per Curiam:* J. H. Fry shipped cattle to Kansas City,
Mo., over the Missouri, Kansas & Texas railway, and
alleges that by reason of the negligence of the railway
company the train was delayed so that he did not reach
the market until a day later than he expected, when the
price of cattle had fallen, causing him to suffer serious
loss.

The cattle in question constituted a part of the ship-
ment involved in an action between the same parties
which was reported in 74 Kan. 546, 87 Pac. 754.   Only
two questions are presented here.   One relates to the
measure of damages, and the other to the failure of the
shipper to give notice of his loss, as provided by the
contract of shipment.   The rule of damages given by
the court in instruction No. 14 reads:

"If you should find for the plaintiff, then the next
and only question is as to the measure of damages.   On
this head you are instructed that, if you find the plain-
tiff is entitled to recover, he would be entitled to recover
the difference between the market value of the steers
at the usual time they were to be delivered in Kansas
City, Mo., and the market value of the steers on the
succeeding market day at Kansas City, Mo."

The proper rule, as insisted by the plaintiff in error, reads:

"The rule of damages is the difference between the value of the stock at the time and place of delivery and their value at the same place at the time they should have been delivered."

We do not see any material difference in these statements when applied to the facts of this case. The cattle should, and with proper diligence on the part of the railway company would, have reached Kansas City in time for the market of January 27. They were not delivered until the market of that day had closed. The first opportunity the shipper had to sell on the market at that place was January 28. It may very properly be said, therefore, that the market at which the cattle were delivered was that of the 28th, and the difference between the price prevailing on that day and the price on the 27th, when the cattle should have been delivered, would indicate the measure of the plaintiff's damages under the rule insisted upon by the railway company. The trial court, instead of stating this rule to the jury in the language of the text-writer, gave the practical application of it to the facts of the case—a practice which should be commended rather than criticized.

The notice discussed by the railway company is not copied in either the abstract or the brief, but we infer that it is the same as that set out in the opinion in the case of *Railway Co. v. Fry*, 74 Kan. 546, 87 Pac. 754. If so, we again say that it has no application to the facts of this case. This is not an action to recover damages for injuries received by the cattle in controversy, nor for their shrinkage in weight on account of the delay in transit; its only purpose is to recover the loss sustained on account of the decline in the market value of such cattle on the Kansas City market between January 27, when, but for the negligence of the railway company, they would have been sold, and January 28, the first market day upon which they could have

been sold after their arrival at the stock-yards in that city. No injury to the cattle in any way is involved. The verdict is founded solely upon the decline in value. This is clearly shown by the answer to a special question submitted to the jury, which reads:

"(9) Ques. If you find for the plaintiff, then state the amount you allow him. Ans. For decline in price, $200."

The judgment is affirmed.