THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY
v. E. T. LIEURANCE.

No. 16,094.

SYLLABUS BY THE COURT.

CARRIERS—*Injury to Stock in Transit—Measure of Damages.*
Where animals delivered to a railroad company to be transported to the end of its line and there turned over to a connecting carrier for transportation to a further point are negligently injured on the road of the first company, and afterward unloaded at its terminus, and the shipper there changes their ultimate destination, in an action against that company he has a right to make the measure of his recovery the difference between their market value as delivered at such terminus and what they would have been worth there if no injury had occurred.

Error from Bourbon district court; WALTER L. SIMONS, judge. Opinion filed June 5, 1909. Affirmed.

*W. F. Evans,* and *R. R. Vermilion,* for the plaintiff in error.

*A. M. Keene,* and *E. C. Gates,* for the defendant in error.

The opinion of the court was delivered by

MASON, J.: E. T. Lieurance recovered a judgment against the St. Louis & San Francisco Railroad Company on account of injury to live stock in shipment, and the defendant prosecutes error.

Complaint is made of the refusal of the court to strike matter from the reply on the ground that it constituted a departure from the cause of action set out in the petition. Whether the ruling was erroneous is not material, for no issue raised in the portion of the reply objected to was submitted to the jury. Any prejudice the defendant may have suffered through their having read the pleading is not substantial enough to warrant a reversal.

Railroad Co. v. Lieurance.

Another unavailing complaint is made of the admission of testimony concerning the statements and conduct of one who assumed to act in behalf of the defendant, upon the ground that there was no evidence that he was authorized to bind the company. The witness had already testified without objection that the person in question was the claim agent of the company, and the acts attributed to him were such as would, presumptively at least, fall within the scope of the employment of an officer so designated.

The stock was delivered to the railroad company at Fort Scott, to be transported over its line to Memphis and there delivered to a connecting carrier for transportation to Harriman, Tenn. The injury was occasioned by a wreck before Memphis was reached. The animals were unloaded at Memphis, where their destination was changed to Lenoir City. For the purpose of establishing the extent of his damage the plaintiff was permitted to testify to what their value was at Memphis in the condition in which they arrived there, and what it would have been if they had not been injured. The company contends that the evidence on this point should have been confined to their value at Harriman. Ordinarily, in an action against a carrier for injury to goods in transit the measure of damages is the difference between their market value at the point of destination in the condition in which they are actually delivered and what they would have been worth there but for the injury. (6 Cyc. 530.) The defendant, however, was not prejudiced by the rule adopted in this case. A part of its obligation was to transport the animals in good condition to Memphis. In electing to change their ultimate destination at that point the plaintiff in effect accepted a delivery there. His right of action was then complete if he saw fit so to regard it. And the measure of his recovery on that theory—the amount of loss he had actually suffered—was manifestly the difference between what his prop-

erty was worth on the market where they then were and what its value would have been there but for the accident.

The defendant contends that error was committed in allowing the plaintiff to testify to market values at Memphis, his cross-examination showing that he had not himself bought or sold there. The objection, however, goes rather to the weight than to the admissibility of his testimony.

The last contention of the defendant which is thought to require separate statement is that the plaintiff ought not to recover because he had failed to comply with a provision of a contract under which his shipment was made requiring him to give a written notice of any claim for damages for injury to his stock within one day after its delivery and before it should be removed or mingled with other stock. The plaintiff, however, testified that before the expiration of the time for the giving of this notice the company's claim agent, having been informed by him of the injury to the stock, examined it at his request and gave advice as to its disposition. The testimony justified the court in submitting to the jury the question whether the giving of a notice in writing had become unnecessary, under the rule thus announced in *Railway Co. v. Wright*, 78 Kan. 94:

"Where a car-load of cattle, which were being transported to market, was in a railroad wreck and suffered injury, and the representatives of the railway company in charge of the live-stock business at the place of delivery were present and inspected the injured cattle when they arrived and then directed what disposition should be made of them, the purpose of the stipulated notice was fully accomplished and no further notice was essential to a recovery." (Syllabus.)

So far as *Railway Co. v. Kirkham*, 63 Kan. 255, is in conflict with this doctrine, it has necessarily been superseded by *Railway Co. v. Frogley*, 75 Kan. 440.

The judgment is affirmed.