No. 18,742.

JOHN T. GILES, *Appellee*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. LIVE-STOCK SHIPMENT—*Delay in Transportation—Notice of Claim for Damages—Minimum Speed of Fifteen Miles per Hour.* A shipment of live stock under the usual contract provided that as a condition precedent to the right to recover damages for loss or injury to his stock during transportation the shipper should give notice in writing of his claim before the stock was removed and intermingled with other stock. In an action to recover for damages on account of delay in transportation, brought under sections 7116 and 7117 of the General Statutes of 1909, requiring carriers to transport live stock at an average rate of speed of not less than fifteen miles per hour, *held* error for the court to charge that if the damages were the direct result of the failure to comply with the fifteen-mile statute, then the contract requiring notice was no defense.

2. SAME—*Injury to Stock During Transportation—Written Notice of Claim for Damages.* Upon the facts stated in the opinion it is held that the loss and injury on account of delay in transportation, by which the cattle became jaded, gaunt and emaciated, and after being unloaded became restless and in unfit condition and refused to take the usual and customary fill in order to put them in prime condition for sale, was a loss occasioned during transportation, and that notice of such a claim was required as a condition precedent to the right of recovery.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed May 9, 1914. Reversed.

*William R. Smith,* *Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellant.

*William Keith,* of Wichita, for the appellee.

The opinion of the court was delivered by

PORTER, J: The railway company has appealed from a judgment in plaintiff's favor for damages and attorney's fees on account of shrinkage in weight in a shipment of live stock from Protection, Kan., to Wichita, Kan.

The petition alleged negligence on account of delay in transportation and delivery of the cattle at their destination by which the cattle "became jaded, gaunt and emaciated," and "greatly disturbed" and "deprived of necessary rest"; that after being unloaded they "became restless and in unfit condition" and refused "to take the usual and customary fill that was required to put them in prime condition for sale on the market, in consequence of which plaintiff suffered a loss and extra shrinkage of weight, towit, 30 pounds per head." It was alleged that the defendant failed to transport the live stock at a rate of speed of fifteen miles per hour as required by sections 7116 and 7117 of the General Statutes of 1909. The shipment was under the ordinary live-stock shipping contract, which provided that as a condition precedent to plaintiff's right to recover damages for loss or injury to his stock during the transportation he should give notice in writing of his claim before the stock was removed and intermingled with other stock. No notice of loss was given.

The court charged the jury that if the damages were the direct result of the failure to comply with the fifteen-mile statute then the contract was no defense. The instruction was erroneous. The statute does not attempt to create a new liability or cause of action against the carrier but merely prescribes a minimum rate of speed at which live stock shall be transported. In effect it declares that any less rate of speed shall be *prima facie* negligence on the part of the carrier.

Before the statute was passed it was the duty of the carrier under the common law to transport and deliver

at destination within a reasonable time, and he was liable for any damages resulting from delay occasioned by his negligence; but a stipulation in a contract of shipment of live stock that as a condition precedent to his right to recover damages for loss or injury during transportation the shipper shall give notice of his claim before the stock is mingled with other stock has been repeatedly held to be a reasonable stipulation. (*Sprague v. Mo. Pac. Rly. Co.*, 34 Kan. 347, 8 Pac. 465; *Railway Co. v. Kirkham*, 63 Kan. 255, 65 Pac. 261; *Railway Co. v. Wright*, 78 Kan. 94, 95 Pac. 1132; *Hayes v. Railway Co.*, 84 Kan. 1, 113 Pac. 421; *Ray v. Railway Co.*, 90 Kan. 244, 133 Pac. 847.) A provision requiring such notice as a condition precedent to recovery is not a stipulation against the carrier's negligence. (*Railway Co. v. Morris*, 65 Kan. 532, 70 Pac. 651.) The supreme court of the United States, in *Mo., Kan. & Tex. Ry. v. Harriman*, 227 U. S. 657, has upheld the same kind of a stipulation where the liability arose under the Carmack amendment, on the ground that the liability which the act of congress imposes upon the carrier is only a continuation or extension of common-law liability, "and may be limited or qualified by special contract with the shipper, provided the limitation or qualification be just and reasonable, and does not exempt from loss or responsibility due to negligence." (p. 672.) Irrespective of the fifteen-mile statute, the facts found by the jury are sufficient to make the defendant liable for the loss except for the failure to give the notice as provided in the written contract.

The plaintiff concedes that the shrinkage resulted from delay in transportation but seeks to avoid the failure to give the required notice by the contention that the loss or injury occurred after the cattle were delivered at destination, and therefore no notice was required. We think this contention can not be sustained.

The findings of the jury are that the cattle arrived at the stockyards in Wichita fifteen minutes after mid-

Giles v. Railway Co.

night and were delivered to the consignee at seven in the morning of that day; that after being unloaded from the cars the cattle did not settle down and rest before the opening of the market, and that they were sold on the market at half past ten o'clock in the forenoon of the day they arrived.

The plaintiff claims that because of the long delay his cattle were restless and jaded, and after being unloaded refused to lie down and rest or to drink the customary amount of water before the time arrived for their sale. He must necessarily and does contend, however, that his loss was occasioned by and was the direct and proximate result of defendant's delay in transporting the cattle. His case therefore falls clearly within the rule of *Railway Co. v. Wright,* supra, where it was held that shrinkage in weight occasioned by the unnecessary length of time the cattle were on the road is an injury during transportation and hence comes within the contract requiring notice. An exception to this rule has been allowed where the shrinkage resulted from the cattle having to be carried over to next day's market. In such a situation it has been held that notice of the loss was not a reasonable requirement and therefore the shipper could recover without first giving the notice. Here the cattle arrived in time for the market and were sold three and one-half hours after being unloaded; the shrinkage was not caused by any delay occurring after the transportation ended. On the contrary, the condition the cattle were in resulted from the delay that occurred during transportation, and therefor the notice required by the contract was a condition precedent to the right to recover.

It follows that the judgment will be reversed and the cause remanded with directions to enter judgment for the defendant.