No. 20,580.

THE STEWART POULTRY COMPANY, *Appellee*, v. THE ERIE RAILROAD COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. INTERSTATE SHIPMENT—*Poultry—Delay in Transportation—Liability of Connecting Carrier*. A connecting carrier in an interstate shipment of a car of poultry is liable directly to the holder of the bill of lading for the damages caused by negligence in transporting the car over the connecting carrier's road, where the loss sustained has been caused by a decrease in the market price of poultry, although the bill of lading stipulated that the carrier was not bound to transport the car in time for any particular market.

2. ADMISSION OF SECONDARY EVIDENCE—*Supplemented by Competent Evidence—No Prejudicial Error*. A judgment will not be reversed on account of the admission of secondary or incompetent evidence, where the facts which that evidence tends to prove are established by other primary and competent evidence, unless it affirmatively appears that the admission of the secondary or incompetent evidence prejudicially affected the substantial rights of the party complaining.

3. INTERSTATE SHIPMENT—*Poultry—Delay—Negligence*. An unnecessary delay of eighteen hours in the transportation of a car of poultry over a line of railroad is sufficient to warrant instructions concerning the negligence of the carrier in the transportation of the car.

4. SAME—*Measure of Damages*. The measure of damages was properly submitted to the jury, following *Railway Co. v. Fry*, 74 Kan. 546, 87 Pac. 754, 79 Kan. 21, 98 Pac. 205.

5. SAME—*Negligence—Sufficient Evidence*. The evidence was sufficient to prove negligence on the part of the defendant.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed January 6, 1917. Affirmed.

*A. M. Harvey,* of Topeka, for the appellant; *W. O. Johnson,* of Chicago, Ill., of counsel.

*Robert Stone,* and *George T. McDermott,* both of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment against the defendant for damages caused by delay in shipping a car of poultry. The defendant appeals.

On March 13, 1912, the plaintiff shipped a car of poultry 'from Winfield, Kan., to Hance Brothers Company, at New York City, under a bill of lading which provided that "no carrier is bound to transport said property . . . in time for any particular market or otherwise than with reasonable dispatch, unless by specific agreement indorsed hereon." The car was received by the defendant at North Judson, Ind., and was delayed in transportation from that place to New York, where it was delivered on Thursday, March 21, at 9:55 A. M. It should have been delivered so that the poultry could have been on the market on Wednesday, March 20. On the 21st, 22d, 23rd and 25th days of March the poultry market was overstocked, and there was no demand for poultry until March 26. On that day the market price of poultry was fourteen and one-half cents per pound. There was a market on March 20, and the market price on that day was seventeen cents. The car of poultry was held from March 21 to March 26 because there was no market for the poultry. The loss sustained was the difference between fourteen and one-half cents and seventeen cents per pound, and the cost of caring for the poultry during the time it was held for a market.

1. The defendant insists that the plaintiff can not recover for the damage sustained because the petition did not state, nor the evidence prove, a cause of action. This proposition was presented to the trial court by a demurrer to the petition, by objection to the introduction of evidence, by a demurrer to the plaintiff's evidence, and by a request that the court give an instruction directing the jury to return a verdict in favor of the defendant.

This was an interstate shipment over several lines of railroad, and was necessarily governed by federal laws. In the

headnotes to *N. Y. & Norfolk R. R. v. Peninsula Exchange,* 240 U. S. 34, this language was used:

"The Carmack amendment of June 29, 1906, extends to failure to transport with reasonable despatch; and under it there can be a recovery from the initial carrier for loss, damage or injury for such failure although on the line of the connecting carrier.

"A condition of the tariff filed with the Interstate Commerce Commission that the carrier was not bound to transport on a particular train or vessel to arrive at a particular market or otherwise than with reasonable despatch does not relieve the carrier from liability under the Carmack Amendment for not delivering with reasonable despatch, although the delay may have been on line of connecting carrier."

(See, also, *Railway Co. v. Fry,* 79 Kan. 21, 98 Pac. 205; *Hayes v. Railway Co.,* 84 Kan. 1, 113 Pac. 421; *Ray v. Railway Co.,* 90 Kan. 244, 133 Pac. 847; and *Giles v. Railway Co.,* 92 Kan. 322, 140 Pac. 875.)

But the defendant contends that, under the Carmack amendment, the plaintiff's cause of action, if any, was against the initial carrier, the Santa Fe railway. This contention is based on the continuity of carriage from Winfield to New York, and on that provision of the Carmack amendment which provides that the initial carrier shall be liable to the holder of the bill of lading for any loss, damage, or injury caused by it, or by any common carrier over whose lines the shipment may pass. If there is any liability, there is no question about the right of the plaintiff to proceed against the Santa Fe under the Carmack amendment; but the last clause of that part of the amendment which makes the initial carrier liable, reads:

"*Provided,* That nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law." (Part 1, 34 U. S. Stat. at Large, ch. 3591, p. 595.)

Prior to the Carmack amendment there was no question about the right of one who had sustained damage, by reason of the negligence of a carrier, to proceed against the carrier that caused the damage, although it was not the initial carrier. In *Cincinnati & Tex. Pac. Ry. v. Rankin,* 241 U. S. 319, the supreme court, discussing the Carmack amendment, said:

"Construing the Carmack Amendment, we said through Mr. Justice Lurton in the case cited, *Adams Express Co. v. Croninger,* 226 U. S., pp. 506-507: 'The liability thus imposed is limited to "any loss, injury or damage caused by it or a succeeding carrier to whom the property may

be delivered," and plainly implies a liability for some default in its common-law duty as a common carrier.' Properly understood neither this nor any other of our opinions holds that this amendment has changed the common-law doctrine theretofore approved by us in respect of a carrier's liability for loss occurring on its own line." ' (p. 326.)

The petition stated a cause of action against the defendant, and sufficient evidence was introduced to prove that cause of action.

2. The defendant insists that the court committed error by admitting incompetent evidence to prove the delay in transportation on the defendant's line of railroad, and to prove poultry market conditions. The time of the delivery of the car to the defendant at North Judson, Ind., was shown by the defendant's inspectors and car repairers, who inspected this car when it was received at that place. The caretaker who accompanied the car from Winfield to New York testified to the time when the car reached Hornell, on the defendant's road. William T. Hance, of Hance Brothers Company, the consignee of the car, testified to the time when the car reached New York. These were competent witnesses, and they testified concerning their direct knowledge of the time when the car reached the points named. Frank Stewart, an experienced shipper of poultry, and William T. Hance, manager of Hance Brothers Company, engaged in the poultry business in New York, testified concerning market conditions in that city. The *Producer's Price Current*, a produce paper published in New York, was introduced to show market conditions on March 21 and 22. While the evidence of Stewart may have been secondary, the evidence of Hance and the evidence contained in the *Price Current* was primary and competent. There was not sufficient error in admitting any of the evidence of Frank Stewart to warrant reversing the judgment.

3. The defendant complains of the instructions given concerning the negligence of the defendant, and contends that there was no evidence upon which to predicate general instructions concerning negligence. There was abundant evidence on which to base these instructions. The defendant admitted a delay of eighteen hours on its line of road, and there was some evidence that tended to prove that there was a delay of thirty-seven and one-half hours, either of which war-

rants the instructions concerning negligence in transportation.

4. The defendant also complains of the instruction concerning the measure of damages. The court instructed the jury that the measure of damages was the difference between the market value of the poultry in New York on the day when it should have arrived there and the market value on the next market day, plus any expense reasonably incurred for feed and care of the poultry made necessary by the delay in transportation. The evidence tended to show that Wednesday practically closed the poultry market for each week, and that there was no substantial market until the next week. This instruction properly submitted the measure of damages. (*Railway Co. v. Fry*, 74 Kan. 546, 87 Pac. 754, 1, 79 Kan. 21, 98 Pac. 205; *Hayes v. Railway Co.*, 84 Kan. 1, 113 Pac. 421; *Ray v. Railway Co.*, 90 Kan. 244, 133 Pac. 847.)

5. The defendant argues that no negligence was proved against the defendant. This argument is without merit. No good purpose will be served by reciting the evidence which tended to show that the defendant was negligent. What has been said on other propositions in this opinion may be considered in connection with the one now under discussion.

The judgment is affirmed.