No. 23,528.

M. M. HYLTON, *Appellant*, v. WALKER D. HINES, as Director-general of Railroads, and THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY (JOHN BARTON PAYNE, as Agent, etc., substituted), *Appellees*.

### SYLLABUS BY THE COURT.

SHIPMENT OF CATTLE—*Delay—No Notice of Damages as Per Contract—No Recovery*. An action for damages for shrinkage of cattle caused by the negligent delay in handling by the carrier cannot be maintained in default of written notice as specifically made a condition precedent to recovery in the contract of shipment.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed May 6, 1922. Affirmed.

*W. S. Kretsinger,* of Emporia, and *W. J. Pirtle,* of Council Grove, for the appellant.

*W. W. Brown,* and *O. T. Atherton,* both of Parsons, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff shipped ninety-one head of cattle about April 1, 1918, from Dunlap, Kan., to Kansas City, Kan., over the defendant's road. The contract of shipment contained a provision that, as a condition precedent to the right to recover for any loss or damages resulting from shrinkage in weight while the stock was in the possession of the carrier, the shipper should in writing give notice to the conductor in charge of the train or to the nearest freight agent before the car should leave the carriers' lines and before the cattle should mingle with other live stock or be removed from the pens at destination, and give the place and circumstances of the injury. The petition alleged that about six miles from Dunlap the train became derailed and the cars the cattle were in left the rails and were thrown to the ground and turned over, greatly injuring and damaging the cattle; that the injuries were due to the negligence of the company in allowing its road bed to become uneven and washed out, the ties rotten, worn and broken. He asked damages for five cattle killed, $818, one cow crippled, $100, and shrinkage in weight of the other cattle, $1,328.12, and alleged that by reason of the derailment the cattle were greatly bruised and marred in appearance and sold for $418.32 less than they would

Hylton v. Railway Co.

have sold for had such accident not occurred. It was averred that on or about April 5, 1918, the plaintiff served a written claim for damages on the company.

The answer contained a general denial and a plea of contributory negligence.

The jury returned a verdict for the plaintiff for $823.32, and answered special questions to the effect that the verdict included $375 for cattle killed; $30 for the cow crippled and $418.32 for general depreciation of cattle owing to the appearance upon their arrival at Kansas City. The plaintiff filed a motion for a new trial which was denied, and he appeals, the principal error complained of being an instruction of the court that although the jury might find that the defendants were guilty of negligence in handling and shipping the cattle the plaintiff could recover nothing on the item of $1,328.12 for shrinkage set forth in his petition.

The plaintiff testified that the wreck occurred about 3 p. m. and the cattle were permitted to roam over the country for the rest of that day and night and until about ten o'clock the next day when they were taken back to Americus; that the agent asked him to ship the cattle and do the best he could and not tell the commission men anything about the wreck; that the defendants sold the dead steer and the crippled steers for $50, but the plaintiff did not get the money.

Counsel in their brief say that this evidence brings the case within the rule announced in *Railway Co. v. Wright,* 78 Kan. 94, 95 Pac. 1132, wherein it was held that the representative of the railroad company in charge of the live stock was present and inspected the cattle when they arrived, and directed what disposition should be made of them and the purpose of the stipulated notice was accomplished and no further notice was necessary. Section 8587, General Statutes of 1915, that any provision in a contract of shipment providing as a condition precedent to recovery for damages for any cause, including delays, that notice of such in writing be given in less than twenty days after such claim will be unlawful and void, is cited. It is therefore insisted that the provision for notice of shipment in this case was void, and further that the purpose of requiring notice was accomplished in this case, and that none was needed. This same provision was considered in *Hayes v. Railway Co.,* 84 Kan. 1, 113 Pac. 421, and it was held that when cattle are moved from pens at destination without notice being

given, the shipper cannot maintain an action for shrinkage and for delay in delivery of the cars at destination chute for unloading. To the same effect are *Ray v. Railway Co.*, 90 Kan. 244, 133 Pac. 847, and *Giles v. Railway Co.*, 92 Kan. 322, 140 Pac. 875. See, also, *Achen v. Railway Co.*, 103 Kan. 668, 175 Pac. 980, involving an interstate shipment.

The case of *Railway Co. v. Wright*, supra, involved an injury of which the representative of the carrier had personal knowledge at the place of. delivery and inspected the cattle there and directed what disposition should be made of them. But even in that case shrinkage occurring in another shipment was held to be a matter requiring compliance with a contract provision for notice.

It is held, therefore, that under the circumstances of this case failure to give the notice barred a recovery on account of shrinkage, and the judgment is affirmed.