Busley v. Busley.

---

No. 24,833.

OSA P. BUSLEY, *Appellant,* v. GEORGE BUSLEY, *Appellee.*

SYLLABUS BY THE COURT.

1. REJECTED EVIDENCE—*Not Produced on Motion for New Trial—Not Reviewable.* Rule followed that the rejection of evidence, unless produced in support of the motion for a new trial as the code provides, presents nothing for review.

2. DIVORCE—*Pleadings—Plaintiff's Marital Conduct in Issue.* In an action for divorce, evidence showing plaintiff's marital conduct is competent where she tenders an issue "that during her entire married life she has always demeaned herself properly" and that "there is no fault on her part"; and such issue is sufficiently traversed by a general denial.

3. SAME—*Defendant Charged With Adultery—Evidence to Show That Corespondent Named Had Good Reputation for Chastity Not Necessarily Prejudicial Error.* In an action for divorce on the ground of adultery, where the alleged corespondent is named in the petition and some evidence de-

signed to support the charge is adduced by plaintiff, it is not necessarily prejudicial error to allow testimony to show that the corespondent had a good reputation for chastity and morality.

4. SAME—*Weight of Evidence for Trier of Facts.* Rule followed that the determination of the weight of the evidence touching disputed facts in issue is the function of the trial court and not of the court of appeal.

5. SAME—*No Order for Support of Minor Children—Jurisdiction for That Purpose Retained.* Where a wife fails in her action against her husband for a divorce, and no divorce is decreed to either party, it is not necessarily error for the trial court to make no order for the support of the children of the litigants, although temporary custody is awarded to the wife, especially where jurisdiction is retained for the purpose of making further orders concerning their welfare.

Appeal from Allen district court; ROBERT E. CULLISON, judge. Opinion filed April 5, 1924. Affirmed.

*F. J. Oyler, W. H. Anderson,* and *G. M. Lamer,* all of Iola, for the appellant.

*Frank R. Forrest, Oscar Foust, John W. Brown,* and *Kenneth H. Foust,* all of Iola, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment denying plaintiff a divorce from her husband, and matters incidental thereto.

Plaintiff charged her husband with gross neglect of duty and adultery, and prayed for a divorce, alimony and attorney's fees, and for the custody of the two children born to the litigants.

The trial court found specially and generally against the plaintiff, and gave judgment against her on all contested matters, except the custody of the children, which was awarded to her subject to the defendant's right to visit the children at reasonable times, and plaintiff was enjoined from taking the children outside the court's jurisdiction, and the court expressly reserved "the power to make further orders concerning the custody of said children." Plaintiff assigns error:

"First: Rejection of competent evidence offered by appellant.

"Second: Admitting incompetent evidence offered by the appellee over the objection of the appellant.

"Third: In rendering final judgment in favor of the appellee and against the appellant.

"Fourth: In failing to make any order requiring the appellee to support and maintain the two minor children.

"Fifth: In overruling appellant's motion for a new trial."

Touching these in order, it has to be noted that the rejected evidence—whatever it may have been—is not in the record, nor was it

produced in support of the motion for a new trial as the code provides. Consequently this assignment of error is unavailing. (R. S. 60-3004; *Leach v. Urschel,* 112 Kan. 629, syl. ¶ 9, 212 Pac. 111.)

Noting the second assignment of error, the trial court permitted testimony to be introduced by defendant showing some intermittent discord between the husband and wife running back for several years, occasional outbursts of excitement and anger on the part of plaintiff, her accusations of her husband's infidelity with other women, her threats to kill defendant and his relatives, her confessed attempt to asphyxiate herself and the children. Plaintiff contends that since defendant's answer was a mere general denial, such evidence was not responsive to the issues. This is hardly correct. Plaintiff pleaded:

"Plaintiff further alleges that during their entire married life she has always demeaned herself properly as a faithful wife should and there is no fault on her part."

Defendant's general denial traversed that allegation, and the evidence complained of was competent and responsive thereto. Furthermore, the trial court necessarily has a wide discretion as to the range of evidential inquiry in a divorce case, so that it may be thoroughly apprised of all pertinent facts before pronouncing judgment on so solemn a question as the dissolution of a marriage. See "Collateral Conduct" in 19 C. J. 130 and notes and citations thereunder.

Under this same assignment of error plaintiff also complains of the admission of testimony touching the reputation of the corespondent with whom defendant was alleged to have committed adultery. Some half dozen witnesses testified that this corespondent's reputation for chastity and morality was good. There is a curious twist in the general rules of evidence touching this subject. Where the alleged infidelity of a married person has to be considered in a divorce action, and in some other sorts of litigation as well, the good name and reputation of third parties are often dragged in and smirched without the slightest opportunity on their behalf to challenge or deny the calumny. This court has said:

"The English practice of allowing a third person, charged with having illicit relations with a party to a divorce action, to intervene in order to protect his reputation and character, has not been authorized or adopted in this state." (*Howell v. Herriff,* 87 Kan. 389, 124 Pac. 168.)

In *Van Horn v. Van Horn,* 5 Cal. App. 719, and in *Cowan v. Cowan,* 16 Colo. 335, these eminent courts have held that in ac-

tions for divorce on the ground of adultery, evidence of the chastity and general excellence of the character of the corespondent with whom the defendant was alleged to have committed the adultery was inadmissible. But a somewhat analogous question arose in *The State v. Patterson,* 112 Kan. 165, 210 Pac. 654, where the defendant was convicted of having had sexual intercourse with a girl under eighteen years of age, he complained of the admission of the testimony of many witnesses, whose names had been invidiously brought into the case, who were given a chance to deny the slanderous accusations of adultery with the prosecutrix which defendant had made to her as part of his tactics for the girl's seduction. This court held that the testimony was nonprejudicial; and also competent as rebuttal evidence in that particular case. But without attempting to develop a rule of evidence applicable to this peculiar situation, it can be confidently declared that the admission of the testimony concerning the corespondent's reputation for chastity and morality was nonprejudicial, seeing that the case was tried by the court without a jury. (*Starbuck v. Kingore,* 112 Kan. 102, syl. ¶ 1, 210 Pac. 930; *McKee v. McClain,* 112 Kan. 746, 212 Pac. 906.) The cases of *Colvin v. Wilson,* 100 Kan. 247, 164 Pac. 284, and *Simpson v. Westenberger,* 28 Kan. 756, cited by plaintiff are scarcely analogous; and moreover, being jury cases, the admission of evidence of debatable competency was a matter of vastly greater consequence than in cases where there is no jury to be misled thereby.

The next error assigned is based on the contention that judgment should have been for plaintiff and not for defendant. This assignment invites the court to determine for itself the weight of the evidence, in short, to usurp the function of the tribunal charged with the duty of ascertaining the facts. This we cannot do. (*Hayslip v. Insurance Co.,* 112 Kan. 189, 190, 210 Pac. 188.)

In *Farney v. Hauser,* 109 Kan. 75, 83, 198 Pac. 178, it was said:

"But it is said that this finding was greatly against the weight of the evidence, and that as this is an equity case we should decide this question of fact for ourselves. Unless the evidence is documentary (*Mathewson v. Campbell,* 91 Kan. 625, 627, 138 Pac. 637), or by deposition (*Record v. Ellis,* 97 Kan. 754, 760, 156 Pac. 712), that is not done and cannot be done by this court, whether the case be one at law or in equity. (*Bruington v. Wagoner,* 100 Kan. 439, 164 Pac. 1057.)"

Plaintiff's next complaint relates to the trial court's refusal to make an order requiring defendant to support and maintain the

two children. Since the trial court, partly through the insufficiency of the accredited evidence for plaintiff and partly, no doubt, through the evidence adduced in defendant's behalf, found that the material allegations of plaintiff's petition were not sustained, there was no present imperative need for an order requiring defendant to support his children. It was not alleged nor was it persuasively shown that hitherto he had failed in that respect. Why then should the court single him out with an admonitory decree touching his parental duty any more than any other parent of that community? The trial court retained jurisdiction of the cause for the particular purpose of assuring itself of the continued welfare of the children. If and when the circumstances may require judicial interposition in their behalf, the trial court can effectively correct the situation in short order.

The final error assigned is necessarily disposed of in what has already been discussed.

The record discloses no error and the judgment is affirmed.