No. 24,964.

August Nelson, *Appellee*, v. The Union Pacific Railroad Company, *Appellant*.

SYLLABUS BY THE COURT.

1. Common Carrier—*Loss of Wheat in Transit—Evidence Partly Oral—Weight of Evidence for Triers of Facts.* Although a large part of the evidence covering the principal issue of fact was in writing, such as depositions, affidavits and the like, an appellate court cannot disregard the verdict of the jury thereon and determine for itself the preponderant weight of the evidence, when a substantial part of it was oral and the credence to be given thereto had to be determined from the apparent candor and character of the witnesses whom the jury had an opportunity to see and hear, which advantage is necessarily denied to the court of appellate review.

2. Same—*Plaintiff's Evidence Supports His Cause of Action.* Record examined and held that the plaintiff's evidence so completely supported his cause of action as to give neither opportunity nor justification for a court of appeal to disturb the jury's verdict and judgment based thereon.

3. Same—*Claim for Loss of Wheat in Transit Properly Presented by Consignee.* A claim for loss of wheat in transit presented by plaintiff's commission agent and consignee was as effective as if presented by the principal *in propria persona.*

4. Same—*Market Reports in Periodical Grain Publications Competent Evidence as to Value of Wheat.* Rule followed that market reports contained in familiar periodical publications are admissible in evidence for whatever they may be worth.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed May 10, 1924. Affirmed.

*T. M. Lillard, Bruce Hurd, O. B. Eidson,* all of Topeka, and *A. L. Berger,* of Kansas City, for the appellant.

*William K. Ward,* of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Plaintiff brought this action against the railway company for the value of 8,620 pounds of wheat (143⅔ bushels), which was an alleged shortage in a carload consigned from Page City over defendant's railway for delivery in Kansas City, Mo.

The verdict and judgment were for plaintiff, and defendant appeals, placing especial emphasis on the fact that since most of the evidence was in writing, not oral, this court should review and determine its probative force, and order judgment accordingly regardless of the verdict of the jury. Defendant contends that if this court can and should so consider the evidence, we would be bound to hold that it was insufficient to support the verdict and judgment, and that judgment for the defendant should be directed or a new trial ordered.

There is at least one reason why the court cannot gratify the defendant in this matter. Not all the testimony was in writing. Part of it, indeed a very material part, was oral—the testimony of the defendant's foreman of car inspections at Kansas City, the testimony of the head clerk of the car department of the Kansas City Southern Railway which received the car from the defendant and delivered it to an elevator company, and the testimony of one Ramsay, who kept the record of weights of the Western Weighing Association which collaborated with the defendant in the weighing of plaintiff's carload of wheat. This testimony had to do with the condition of the car at its arrival at destination and the gross and net weight of the carload of wheat thereat. That testimony might or might not be true, and only a jury who saw and heard the witnesses would have a proper opportunity to determine that fact. So the rule which permits this court to review and consider the preponderating probative force of *written* evidence independently of the judgment of the trial court is not applicable to this case. (*Farney v. Hauser,* 109 Kan. 75, 83, 198 Pac. 178; *Busley v. Busley,* 115 Kan. 725, 728, 224 Pac. 922.)

Were the matter not exclusively the function of the trial court

and jury, this court would have great difficulty in deciding that the plaintiff was not telling the truth, or that his cause of action was not meritorious in this particular case. While the scales on which the 24 wagonloads of wheat comprising this carload were weighed were not shown to be accurate and had not been tested within two years, yet the plaintiff had weighed over two hundred wagonloads of wheat constituting nine other carloads on these same scales during the same shipping season, and the defendant had delivered them all to destination in Kansas City without any shortage. So the very considerable shortage on this carload could not be accounted for by some conjectured inaccuracy in plaintiff's scales. Moreover, even if this court should determine that the preponderance of the evidence was not in plaintiff's favor, we would have to go still further and find that there was no evidence on which a verdict for plaintiff could be based, before the verdict and judgment could be set aside. Of course, no such situation is presented here; and so the disputed facts will have to stand as determined by the jury's verdict.

Defendant also calls attention to plaintiff's noncompliance with a provision of the bill of lading which constituted the shipping contract:

"Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property . . . unless claims are so made the carrier shall not be liable."

It was shown, however, that a claim on plaintiff's behalf for the loss of this wheat in transit was timely made by the commission agent and consignee of plaintiff, the Watkins Grain Company, which received the carload of wheat in controversy, and that the claim was presented in accordance with the general custom and usage of the grain trade. It seems needless to add that a claim or demand by a commission agent on a shipper's behalf for loss in transit is just as potent as a demand by the shipper *in propria persona*. Defendant contends that the testimony touching the custom and method of presenting claims for losses in transit by commission firms on behalf of shippers was incompetent, but such testimony violated no rule of evidence with which we are familiar, and none inhibiting it is drawn to our attention. It is perfectly clear that this claim for loss and damage was not resisted because it was presented by the commission firm instead of by plaintiff himself, nor for any in-

formality in its contents or mode of presentation for payment. Defendant resisted this claim apparently in good faith and in the confident belief that no wheat had been lost in transit, and that plaintiff was either mistaken or untruthful in claiming any shortage in this particular shipment.

Defendant also objected to the introduction in evidence of the wheat market report contained in a periodical publication familiar to the grain trade, entitled the "Grain Market Review." Its purpose was to show the market price of wheat about the time of the delivery of this carload of wheat. Such market reports are competent and admissible for what they are worth. (*Evans v. Moseley*, 84 Kan. 322, 114 Pac. 374; *Ray v. Railway Co.*, 90 Kan. 244, 248, 133 Pac. 847; *Poultry Co. v. Railroad Co.*, 99 Kan. 540, 543, 163 Pac. 448; 22 C. J. 188, 929.)

The record discloses no error and the judgment is affirmed.