## No. 25,345.

THE J. F. LADERER CLOTHING COMPANY, *Appellee,* v. THE NORTHERN ASSURANCE COMPANY, *Appellant.*

## No. 25,346.

THE J. F. LADERER CLOTHING COMPANY, *Appellee,* v. THE ÆTNA INSURANCE COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. INSURANCE—*Loss—Trial—Appeal—Matters Reviewable by Supreme Court on Appeal.* Rule followed that the jurisdiction of the supreme court on appeal is limited to a review and correction of assigned errors which may have been made in the trial court, and does not extend to a substitution of its judgment for that of the trial court when such judgment was based upon competent evidence to which the trial court gave credence; and the fact that considerable evidence at variance therewith was adduced but was discredited by the trial court is of no consequence on appeal.

2. SAME—*No Reversible Error in Record.* Various objections to judgments in two actions to recover the *pro rata* shares of defendant insurers' liabilities on policies covering a stock of merchandise damaged by fire, examined, and no reversible error discerned therein.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed June 7, 1924. Affirmed.

*Alex H. Miller*, of Salina, *C. C. Crow*, and *John Newman*, both of Kansas City, Mo., for the appellants.

*F. L. Martin, John M. Martin*, and *Z. C. Millikin*, all of Salina, for the appellee.

The opinion of the court was delivered by

DAWSON, J. These were actions to recover on policies of fire insurance on a stock of merchandise. The goods were damaged by fire on December 26, 1921. They were covered by about a dozen policies of insurance, ranging from $1,000 to $3,000 each and aggregating over $27,000, which was about one-half the sound value of the insured property.

Following the fire the usual notices of loss were given, and one Harris, adjuster for the insurance companies concerned, called on plaintiff and made an offer to settle the loss for all the companies at $11,000. This was declined. Plaintiff demanded an appraisement, and accordingly Carl M. Anderson, of McPherson, and George Knorr, of Wichita, were selected as appraisers, and H. M. Reed, of Newton, was accepted as umpire. Appraisers Anderson and Knorr were unable to agree on the loss and damage, so the umpire, with the approval of Anderson, fixed the sound value of the goods before the fire at $57,698.84 and the loss and aggregate liability of all the insurers at $26,300. The *pro rata* share of the loss which the appellant the Northern Assurance Company was called on to pay was $1,928.29, and the proportionate liability of the appellant the Ætna Insurance Company was fixed at $2,320.72. Several of the companies refused payment and a series of actions was instituted, two of which culminated in judgments against the present appellants, and the matters involved therein are brought here for review.

The answers of these appellants and the evidence to maintain their respective defenses were substantially the same. They pleaded and their evidence attempted to prove that the sound value of the mercantile stock before the fire was not in excess of $35,000, that the *pro rata* shares of these appellants' liabilities were fixed by the award at sums grossly in excess of a proper amount, and in excess of the amount at which plaintiff has actually fixed its first claim in its sworn proof of loss. That amount had been $24,707.04. It was also part of the defense that appraiser Ander-

son and umpire Reed improperly included in their award the sum of $5,000 for loss of rents, profits and other inconvenience suffered by plaintiff as a result of the fire. Another defense was that appraiser Anderson was an employee of plaintiff, and that he falsely and fraudulently represented to his fellow appraiser and to the umpire that it had been agreed between plaintiff and defendants that the plaintiff's inventory should be accepted and be binding as to the amount and value of the goods on hand before the fire, and that as a consequence of this false and fraudulent misrepresentation the appraisers and umpire did not examine the goods, but relied on the inventory, and that the inventory was grossly excessive in its value.

The trial court made extended findings of fact, some of which read:

"No. 22. . . . The evidence in this case is not of such a character as to convince the court that Carl M. Anderson, the appraiser selected by the plaintiff, was interested or an employee of the plaintiff, nor that he was guilty of any bias or prejudice or fraud, or that he made any false representations in behalf of the plaintiff; and the court does not find that said Anderson was interested or that he was an employee of the plaintiff, or that he was guilty of bias or prejudice or fraud or that he made false representations. The evidence shows that the appraisers and the umpire made a personal examination of the stock of goods, counted the suits and overcoats, and made an examination of the results of the fire, and that they determined for themselves the sound value of the entire stock of goods, and that the appraiser, Carl M. Anderson, and the umpire, H. W. Reed, agreed upon the appraisal, and that they did not include in the allowance illegal or unlawful items as claimed in the answer. The court finds that the appraiser, Anderson, and the umpire acted in good faith, and that the sound value of the stock and the damage pertaining thereto occasioned by the fire represented their own judgment as to such matters. . . .

"No. 29. The value of plaintiff's stock at the date of the fire was substantially as recited in the award.

"No. 30. The damage sustained by the plaintiff as the direct result of the fire was substantially as recited in the award."

Defendants' motion to set these and some less important findings aside was overruled. Their motion for additional findings was denied. Judgment was entered for plaintiff in conformity with the umpire's award. Hence these appeals.

There is an assignment of errors based on the refusal of the trial court to make certain findings suggested by defendants, and on certain of the findings which the trial court did make, the chief of which are set out above. But defendants' brief makes no at-

tempt to follow this assignment. Indeed, it seems clear that what
these appellants desire is not a critical examination of some one
or more assigned errors committed by the trial court of sufficient
gravity to require or justify a reversal of the judgment, but that
this court should undertake independently to try these lawsuits
*de novo* on the record and give judgment thereon according to our
discretion, regardless of the judgment of the trial court. Such a
theory of the scope of appellate review is altogether foreign to this
jurisdiction. (*Bruington v. Wagoner*, 100 Kan. 439, 441, 164 Pac.
1057; *Upton v. Pendry*, 110 Kan. 191, 203 Pac. 300; *Hayslip v. In-
surance Co.*, 112 Kan. 189, 210 Pac. 188; *Nelson v. Railroad Co.*,
116 Kan. 35, 225 Pac. 1065.)

Coming, then, to the matters which may properly concern this
court on appeal, it is difficult to get a hold of anything which *looks*
like a point for judicial discussion. Defendants lodge a barrage of
words against appraiser Anderson, but the trial court was not
bound to adopt their view of his qualifications or fairness, or that
he improperly imposed his will upon the umpire. This court can-
not say that any erroneous or undue significance was attached to
the "perpetual inventory" in arriving at the amount of the award
and the insurers' aggregate liability. It is of no consequence now
what the testimony of Harris, the adjuster, and Knorr, the ap-
praiser, chosen by the defendants, may have been. The trial court
saw fit to minimize or discredit their testimony so far as it was
at variance with that given in behalf of plaintiff. The same prin-
ciples of appellate review apply to the contention that umpire Reed
took into consideration an indirect loss of $5,000 sustained by
plaintiff, such as rents and loss of business. Reed testified that
he did not intend to include that sum in fixing the amount of the
award. The trial court believed him, which settled that contro-
verted fact.

Neither is it of any consequence that the award was in excess of
plaintiff's original claim as shown by its proof of loss. Since that
claim and proof were rejected by defendants, plaintiff was no more
bound thereby than they were.

The court is urged not to overlook the fact that "within two
hours after Anderson returned his outrageous award the stock was
being moved." Plaintiff's lease on the building had expired on
January 1, 1921. By forbearance of the landlord, plaintiff was
permitted to occupy the premises until the appraisement and award

were determined.   There was no occasion to delay the removal of the damaged stock another hour.   Furthermore, Harris, the defendant's adjuster, knew the stock was being moved and disposed of and made no objection.   Touching the "outrageous award," it may be noted that various witnesses placed the sound value of the stock at $50,000, $60,000, $62,000 and $65,000, and that Harris, defendants' adjuster, conceded that its salvage value was no more than $24,000, so there was substantial evidence that plaintiff's loss was from $26,000 to $41,000, which clearly placed the award of $26,300 beyond this court's jurisdiction to disturb.   Hence the judgments against appellants for their proportionate shares of the aggregate liability must be affirmed.