No. 28,083.

THE STATE OF KANSAS, *Appellee*, v. WILLIAM BOONE HARVEY, *Appellant*.

(271 Pac. 269.)

Opinion filed November 3, 1928.

*James F. Getty*, of Kansas City, for the appellant.

*William A. Smith*, attorney-general, *Roland Boynton*, assistant attorney-

general, *Arthur J. Mellott,* county attorney, and *H. J. Emerson,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: On the evening of June 20, 1926, William Harvey, the defendant, shot and killed George McCray. Harvey was convicted of second-degree murder, and appeals.

Harvey and McCray had been acquainted for several years. At the time of the fatal shooting the defendant was in the employ of the garbage department of Kansas City, Kan. He also owned and operated a place of business at Third and Oakland streets, where he had two barber chairs, two pool tables, and sold tobacco and soft drinks. McCray had on numerous occasions come to the defendant's place of business, and had occasionally slept there. The place where McCray had been living was raided by the police a night or two before the tragedy under consideration and a quantity of home brew had been found. McCray blamed Harvey for having informed the police about it, and it was claimed made threats against the defendant for having done so. It was contended by the defendant that the threats had been communicated to him; that he was fearful of what McCray might do, and that on the afternoon of the tragedy defendant had gone to the police seeking protection. He testified that the police told him to go back to his place of business; that they would soon be there and give him the protection needed; that before they arrived McCray appeared on the scene and he, the defendant, shot McCray in self-defense.

The defendant contends that the trial court erred in excluding testimony of the police that the defendant appealed to them for protection. The rejected evidence appears not to have been offered on the motion for a new trial, so that its exclusion is not available as a basis for error in this court.

Complaint that evidence of specific acts of violence on the part of McCray which were known to the defendant was excluded cannot be sustained. No specific act on the part of the deceased concerning which the defendant offered to testify, appears to have been excluded.

It is contended that I. F. Bradley, special prosecutor, in his argument to the jury, made improper statements concerning the evidence greatly to the prejudice of the defendant. It appears that Attorney

Bradley, in the argument, made a statement to the effect that the defendant had been convicted of a felony, whereas there was no evidence on which to base the statement. A colloquy occurred between counsel for the state and defendant, at the time or immediately following the statement of Bradley, in which the court also took part. On consideration of the motion for a new trial Bradley filed an affidavit to the effect that while he had made the statement that defendant had been convicted of a felony, he immediately withdrew it upon objection being made by counsel for defendant.

The lower court had the entire matter under consideration and undoubtedly concluded that no prejudice had resulted from the misstatement of counsel, and we are unable to say that any was shown which would have warranted the granting of a new trial or would warrant a reversal by this court on that account.

Contentions that the verdict was contrary to the evidence and that the court erred in its instructions cannot be sustained. An examination of the record discloses no error which would warrant a reversal.

The judgment is affirmed.