No. 28,362.

M. P. Robinson, *Appellant*, v. Marion Sullivan, *Appellee*.

(273 Pac. 461.)

Opinion filed January 12, 1929.

*Hal E. Harlan* and *A. M. Johnston,* both of Manhattan, for the appellant.
*W. W. Redmond* and *P. G. Wadham,* both of Marysville, for the appellee; *W. J. Gregg,* of Frankfort, of counsel.

The opinion of the court was delivered by

HOPKINS, J.: The action was one for damages for failure of defendant to convey a town lot in Blue Rapids. The defendant prevailed and plaintiff appeals.

The plaintiff alleged in substance that he offered in writing to purchase the property for $450 cash. That the defendant owned an undivided interest therein and purported to be the agent and representative of the other owners, and did, on January 15, 1926, accept in writing the offer of the plaintiff to convey the lot in question for $450. The defendant alleged that the lot was owned jointly by her sister, brother, and herself as tenants in common, the three having derived title from their mother. The plaintiff contends that while the action was not brought on the theory that the defendant was actually authorized in writing to sell the property, that "the question as to whether or not the defendant held herself out as the authorized agent of her brother and sister must be settled from the correspondence of the parties." However, it appears that the trial proceeded on the theory that the alleged agency was a fact to be determined by the jury from all of the evidence, oral and written.

The defendant, among other things, testified substantially that her name was formerly Marion Riddle; that she had been living in Phœnix, Ariz.; that she had not resided in Blue Rapids since 1899 or 1900; that she had known the plaintiff a good many years and had had a good many conversations with him with regard to the lot; that she and her brother, Horace Riddle, and her sister, Caroline Merling, owned the lot; that she was never authorized by her brother or sister at any time to act as their agent for the purpose of making a sale, and that she had no authority to sell without their consent.

A portion of her cross-examination follows:

"Q. You say in these conversations, that he (plaintiff) knew that your brother and sister had an interest in the property? A. He did.

"Q. Did you ever tell him that? A. Yes, sir.

"Q. And you always told him that? A. It was discussed several times. I don't remember on which occasion. . . . I had no authority to sell without their consent.

"Q. And do you say that you told that to Mr. Robinson each time? A. No, sir.

"Q. Did you ever tell him that? A. Yes, sir.

"Q. Have you any idea when or in what connection? A. It was discussed in Manhattan. I told him I absolutely knew my sister wouldn't sell at that price, and I couldn't sell without her consent. . . .

"Q. Did you write him anything else in connection with this letter, to let him know that you didn't have the authority to sell this lot? A. We had discussed it verbally, and he knew I didn't have the authority."

There was other evidence, which need not be set out, to the effect that the defendant informed the plaintiff she had no authority to sell without the consent of her brother and sister. Under the circumstances we are unable to say there was not sufficient competent evidence to sustain the verdict. What was said on another occasion is applicable here:

"Although a large part of the evidence covering the principal issue of fact was in writing, such as depositions, affidavits and the like, an appellate court cannot disregard the verdict of the jury thereon and determine for itself the preponderant weight of the evidence, when a substantial part of it was oral and the credence to be given thereto had to be determined from the apparent candor and character of the witnesses whom the jury had an opportunity to see and hear, which advantage is necessarily denied to the court of appellate review." (*Nelson v. Railroad Co.,* 116 Kan. 35, 225 Pac. 1065.)

Complaint is made that the court erred in rejecting plaintiff's offer to prove special damages. The record contains no indication that the rejected evidence was offered on the hearing of the motion for a new trial, and consequently the alleged error is not available on review. (R. S. 60-3004; *Hayslip v. Insurance Co.,* 112 Kan. 189, 210 Pac. 188; *Nutter v. Black,* 126 Kan. 331, 333; *State v. Collins,* 126 Kan. 17, 19; *State v. Harvey,* 126 Kan. 685.)

The judgment is affirmed.

JOHNSTON, C. J., not sitting.