No. 30,591.

E. C. GENTRY, *Appellee*, v. JAMES F. HORNUNG, *Appellant*.

(15 P. 2d 445.)

Opinion filed November 5, 1932.

*R. D. Armstrong*, of Scott City, for the appellant.

*Martin F. Trued*, of Tribune, *C. A. Spencer* and *J. H. Jenson*, both of Oakley, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action which arose out of a school district election in Greeley county at which plaintiff and defendant were candidates for the office of director.

The election was held on April 10, 1931. Plaintiff received seventeen votes, and defendant twenty-one votes. Among those who voted for defendant were six persons whose right to participate in the election was challenged on the ground that they were not legal residents of the school district. On the advice of the county superin-

tendent these six persons were permitted to vote on condition that they sign their ballots so that their legality could be determined later.

Hence this lawsuit. Issues were joined; the cause was tried by the court without a jury; and judgment was rendered in favor of plaintiff.

Defendant appeals. In his abstract he presents what he regards as a fair summary of the evidence touching the length of time the six challenged voters had lived in the district, and showing whether they or any of them were *bona fide* residents of the district for thirty days (R. S. 72-404), and whether some of them had really been residents of the state of Kansas for six months as required by the constitution. (Art. 5, § 1.) Plaintiff's counter abstract supplies some additional evidence bearing on the same issues of fact. It would serve no purpose to reproduce the evidence here. This court has read it carefully, and must hold it was quite sufficient, although controverted, to support the finding and judgment of the trial court. (*Hoff v. Hoff*, 106 Kan. 542, 546, 189 Pac. 613; *Sawtelle v. Cosden Oil & Gas Co.*, 128 Kan. 220, 225, 277 Pac. 45.)

Counsel for the litigants do not disagree as to the law of this case. Both cite familiar decisions covering the law of domicile. Among the earlier is *Ingraham v. McGraw*, 3 Kan. 521, syl. ¶ 3, and the latest is *Strackeljohn v. Campbell*, 136 Kan. 145, 12 P. 2d 829. Other pertinent citations from our reports could be indefinitely multiplied.

Controlling provisions of statute are: R. S. 72-404; R. S. 77-201, subdiv. 24; R. S. 25-407.

Appellant objects to the admission of certain testimony on the ground of hearsay. Conceding its incompetency, the ordinary rule is that where, as here, there is no jury to be led astray, and where the trial court's finding of fact is established by sufficient other evidence which is competent, the admission of incompetent evidence does not constitute prejudicial error. (*McKee v. McClain*, 112 Kan. 746, 212 Pac. 906, syl. ¶ 4; *Busley v. Busley*, 115 Kan. 725, 728, 224 Pac. 922.)

The judgment is affirmed.