No. 33,773

PAUL J. FORSTER, *Appellee,* v. INES O. FORSTER, *Appellant.*

(80 **P.** 2d 1057)

Opinion filed July 9, 1938.

*Kenneth K. Cox,* of Wichita, for the appellant.
No appearance was made for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for divorce brought by the husband. The divorce was granted to the wife on her cross petition. She was given the custody of her minor son, six years of age, and plaintiff was ordered to pay $25 per month for the child's support. She also was given alimony in the sum of $7,500, to be paid $75 per month. These payments and judgments were specifically decreed "to be a lien upon all of the property, assets and earnings of the plaintiff," and it was further "decreed that all parts, payments or installments of this decree and judgment, not paid when due, shall bear interest from the date payable at the rate of (8%) percent per annum." Defendant has appealed.

Appellant first complains that the court did not award her specific

property. The pertinent portion of the applicable statute (G. S. 1935, 60-1511) reads:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife . . . shall be allowed such alimony as the court shall think reasonable, . . . which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable. . . ."

Under this statute it was within the sound judgment and discretion of the court whether the alimony should be decreed in property or in money. Appellant's specific complaint is that the court did not give her the home, which was the only real property involved. With respect to that, plaintiff testified it cost $1,900; that he borrowed the money to buy it, and had not repaid the debt. The record tends to show the court had in mind the possibility of an action by the creditor to subject this property to sale for the payment of the purchase price, having in mind our constitutional provision (art. 15, § 9) and some of our decisions bearing on that question, such as *Foster v. Bank,* 71 Kan. 158, 163, 80 Pac. 49, and *Bank v. Pickering,* 111 Kan. 132, 135, 205 Pac. 1110. By the decree appellant was given a lien upon this and all other property of plaintiff. Whether this lien was superior to any claim for the purchase price of the property we cannot now determine. There is nothing in this record to indicate appellant is not in as good a position with respect to this property as she would have been if it had been given to her as a part of the alimony.

Appellant contends the court erred in not taking into consideration the husband's past conduct and the possibility of his future as well as his present earnings in determining alimony, and a number of our cases are cited, such as *Francis v. Francis,* 108 Kan. 220, 221, 194 Pac. 641; *Mann v. Mann,* 136 Kan. 331, 334, 15 P. 2d 478; *Landers v. Landers,* 138 Kan. 538, 27 P. 2d 231, holding that these are matters which a court may take into consideration in determining the amount of alimony. There is nothing in the record indicating the court did not take these matters into consideration, unless it is this: After defendant had introduced evidence to establish grounds for divorce against plaintiff he conceded the divorce should be granted to her, and virtually conceded that all of appellant's allegations in her cross petition should be taken by the court as fully established. In this situation the court stated further evidence on

that branch of the case need not be produced, and some witnesses defendant had called in support of those allegations were not used. We think there was no error in this respect.

Appellant complains of the amount of alimony allowed. Plaintiff's business appears to have been that of a salesman for a manufacturing company. At defendant's request an auditor had been employed to ascertain his earnings and his interest in the business. He had some difficulty in making a report as accurately as he would like to have made it. There was conflicting evidence respecting plaintiff's interest in the business and his earnings. In his brief counsel for appellant makes a computation from the evidence to the effect that plaintiff's worth at the time of the trial was slightly less than $10,000. This includes the estimated value of a used car, concerning which we find no evidence in the record, and also commissions drawn by defendant, a part or all of which the evidence tended to show had been consumed, and did not make a deduction of $1,900 which plaintiff testified he still owed for the purchase price of the home. From reading this record it would appear that the amount of alimony equaled or exceeded plaintiff's worth at the time of the trial. The amount to be allowed for alimony was not only within the jurisdiction of the trial court, but within its sound judicial discretion. Several hearings had been had in the case, the court was thoroughly familiar with it—much more so than it is possible for this court to be—and we find no reason to say that the amount allowed was so small as to indicate that the court abused its discretion.

Appellant complains that she was not given the custody of another son, more than fourteen years of age. Her counsel concedes that for her own good and the welfare of the younger son this boy should not be in the actual care of the mother; but it is argued plaintiff is an unfit person to have the custody of the boy, and that the court should have given such custody to appellant with a provision that plaintiff pay her enough to maintain him at a military academy or some other school. That, too, was within the sound discretion of the trial court.

On the whole, we find no error in the case. The judgment of the court below is affirmed.