No. 35,679

Bernard Teverbaugh, *Appellee,* v. Josie Nonine Teverbaugh,
*Appellant.*

(134 P. 2d 653)

Opinion filed March 6, 1943.

*Charles B. Hudson,* of Wichita, argued the cause for the appellant.

*Howard S. Keagy* and *Carl I. Winsor,* both of Wichita, argued the cause,
and *C. C. Counts* and *Harlin E. Bond,* both of Wichita, were on the briefs for
the appellee.

The opinion of the court was delivered by

Parker, J.: This was a divorce action involving property rights
and the custody of the minor child of the parties; the child being but
eighteen months of age on the date of the filing of the petition.

The appeal is from the judgment of the lower court awarding the
custody of the child to the father, the plaintiff below and appellee
herein. No complaint is made to that portion of the judgment di-
viding the property, granting the mother, the defendant below and
the appellant herein, a divorce, awarding her alimony in a sum cer-
tain and taxing costs to the plaintiff.

The action was originally filed by the husband on March 19, 1941,
in Sedgwick county, on which date, upon oral application of the
plaintiff, the district court issued a temporary order giving him the
custody of the child and restraining defendant from molesting either
the plaintiff or the child, and from going to or frequenting their then
place of residence, which up to that time had been occupied as the
home of all parties.

Plaintiff in his petition sought a divorce, all property of the
parties, except personal effects of the defendant, and custody of the
minor child.

On March 26, 1941, defendant filed a motion to modify the *ex parte* order obtained by plaintiff on the date of the filing of his petition. This motion was duly presented and on April 12, 1941, having the parties before it, and having ascertained their willingness to make an effort to again maintain the home, the trial court set aside the order, sent the parties back to the home, and continued the case until the first Tuesday in November, 1941. This arrangement proved to be more or less satisfactory for a period of several months, and until April 2, 1942, on which date the defendant filed an answer and cross petition asking for divorce, care and custody of the child and a division of the property, together with court costs and attorney's fees.

Thereafter, and on May 21, 1942, this case came on for hearing to the district court. Evidence that the trial court gave the parties every opportunity to present their contentions, and had ample time in which to consider the evidence before rendition of judgment, is to be found in the fact the trial continued from that date until 10 a. m. on May 25. During its progress a number of witnesses were called and testified on behalf of each of the parties. At the conclusion of the trial the court made certain findings, overruled defendant's motion for a new trial, and rendered judgment, which for all necessary purposes of this appeal was substantially as set forth in the second paragraph of this opinion.

In due time defendant filed her notice of appeal and now brings the case to this court for review. Her specifications of error, although brief, cover her contentions with respect to this appeal. In fact, she admits there are but two questions involved which she set forth in the following form:

"1. The court erred in awarding custody of the child to plaintiff, and denying the custody of the child to defendant.

"2. The court erred in its ruling not finding that defendant was not a fit and proper person to have the care and custody of the minor child."

With facts and procedure clearly outlined we can now proceed to a determination of the questions raised by appellant in this appeal. This we shall do in the order in which they are listed by her.

In support of her contention the court erred in awarding custody of the child to appellee, and denying the custody to her, appellant seems to find no fault with the rule of this court that when the trial court's findings are supported by the evidence, the findings and consequent judgment will not be disturbed. (*Newman v. Newman,* 145 Kan. 1, 63 P. 2d 49.) She cites no cases contrary to that rule

but strenuously contends that in the absence of any evidence to support a finding appellant was not a fit and proper person to have the custody of her child, the court abused its discretionary power in taking its custody away from her. She attempts to bolster her position by stating that the appellee wholly failed to produce any evidence that—from April 14, 1941, the date of the hearing to modify the order for the custody of the child to May 22, 1942, the date of the final hearing—the appellant had committed acts of misconduct justifying the court in taking the custody of the child from her, and in finding she was an unfit person to have its custody.

This contention compels us to examine the evidence presented to the trial court and we have carefully made that examination. It discloses, contrary to appellant's contention, that at least three witnesses testified to alleged acts of misconduct after April 14, 1941, the date on which the court set aside its orginal *ex parte* order and sent the parties back to the home to start anew. This evidence was competent and substantial in its character. True, it was denied by the defendant. Nevertheless, it was sufficient to raise disputed questions of fact, which it was the function of the trial court, not of the court of appeal, to pass upon. (*Forster v. Forster*, 148 Kan. 202, 80 P. 2d 1057; *Busley v. Busley*, 115 Kan. 725, 224 Pac. 922; *Kjellander v. Kjellander*, 92 Kan. 42, 132 Pac. 1170; *Brown v. Brown*, 71 Kan. 868, 81 Pac. 199.)

After having determined those facts contrary to appellant's contention and interest, they were sufficient to, and did bring, the trial court's findings within the rule, that when they are supported by substantial, competent evidence, they and the consequent judgment will not be disturbed. (*Rolland v. Rolland*, 148 Kan. 851, 85 P. 2d 21; *Newman v. Newman*, supra; *Forster v. Forster*, supra.)

Appellant's second contention that "The court erred in its ruling not finding the defendant was not a fit and proper person to have 'the care and custody of the minor child," is one which can be determined from the record. She states that the absence of such a finding will have to be admitted. We cannot agree with that statement.

Pertinent protions of the journal entry of judgment, signed by the court and approved by all parties, read as follows:

"It is found that the plaintiff, Bernard R. Teverbaugh, is a fit and proper person to have the absolute care, control and custody of the minor son of these parties, Vick Bernard Teverbaugh; and that the defendant is not a fit and proper person to have the care, control and custody of said minor son;

"It is the further order, judgment and decree of this court that the plaintiff Bernard R. Teverbaugh, is a fit and proper person to have the absolute care, control and custody of the minor son of these parties, Vick Bernard Teverbaugh; and that the defendant is not a fit and proper person to have the care, control and custody of said minor son."

Certainly, upon examination of the above-quoted portions of the journal entry, it cannot be said that the trial court failed to find appellant was not a fit and proper person to have the care, control and custody of the minor child. The language used by the court is clear, concise and unambiguous, and is subject to no other interpretation.

The record discloses no error and the judgment is affirmed.